UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKINI JACKSON,

        Plaintiff,

-v-

GENESEE COUNTY ROAD
COMMISSION,

        Defendant.
_____/

Case No.
Judge:
Magistrate:

BOGAS & KONCIUS P.C.
KATHLEEN L. BOGAS (P25164)
Attorneys for Plaintiff
31700 Telegraph Rd, Ste 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff MAKINI JACKSON, by and through her attorneys, Bogas, & Koncius P.C., and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of the United States and resides in Washtenaw County, Michigan within the Eastern District of Michigan.

2. Defendant Genesee County Road Commission is a Michigan

- 1 -

municipal corporation doing business in the City of Flint, Genesee County, Michigan within the Eastern District of Michigan.

3. The discriminatory employment practices and all other acts alleged in this Complaint occurred within the Eastern District of Michigan.

4. Defendant is an employer and Plaintiff was its employee within the meaning of the Civil Rights Act of 1964, as amended 2001, 42 U.S.C. § 2000e, *et seq.* (Title VII), and the Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq.* (ELCRA).

5. This action arises under Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e, et seq., Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), M.C.L.A. § 37.1101, et seq., and under violations of the State of Michigan's public policy.

6. The matter in controversy exceeds $75,000.00, exclusive of costs, interest and attorney fees.

7. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. §1367 over Plaintiff's state law claims.

8. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C.A. § 1391(b) and (c).

- 3 -

9. Plaintiff demands that the issues in this case be tried to a jury in accordance with the Seventh Amendment to the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

10. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her race (African American) and retaliation.

11. Plaintiff's charge was filed within 300 days of the commission of the unlawful employment practices alleged in this claim.

12. Plaintiff's notice of right to sue is dated January 17, 2017, and she has filed this complaint within 90 days of receiving her notice of rights.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

14. Plaintiff commenced her employment with Defendant on or about March 31, 2016.

15. Plaintiff was employed with Defendant as its Director of Human Resources and Administrative Services.

16. At all times relevant hereto, Plaintiff performed her job diligently and competently.

17. Plaintiff is African American and a woman.

18. From the onset of her employment, Plaintiff received numerous discrimination complaints from African American and female employees, largely directed at Defendant's Equipment & Facilities Director.

19. As part of Plaintiff's investigation, she reviewed all prior submitted materials, interviewed complainants, respondents and met with her supervisor and Defendant's legal counsel.

20. During the course of this investigation, Plaintiff discovered that these employees' prior reports of discrimination had been improperly ignored.

21. Plaintiff's actions brought current and past discriminatory behaviors to Defendant's attention giving it no option other than to discipline these individuals. However, angered at Plaintiff's actions it retaliated against her by terminating her employment a short time later.

22. Plaintiff also informed the Defendant's Board of Road Commissioners that staff members had improperly approved contractors whose EEO Plans were non-compliant with Defendant's own EEO as well as state and federal law.

23. Plaintiff was to be the sole contact with potential contractors concerning EEO Plan compliance yet other Defendant employees ignored this directive. When Plaintiff challenged violators she was reprimanded to use a softer tone when communicating with the men in the office. Shortly thereafter, she was terminated.

24. After Plaintiff made such complaints of failure to follow local, state and federal laws and procedures, she was retaliated against by Defendant, including being terminated on October 17, 2016 without any reason being given.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII AND ELCRA

25. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

26. At all relevant times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of Title VII and the ELCRA.

27. Plaintiff repeatedly engaged in conduct protected under both Title VII and the ELCRA, *i.e.*, opposing and complaining of the racially discriminatory and harassing conduct by Defendant's agents, servants, and/or employees.

28. Defendant had knowledge of Plaintiff's protected activity, to-wit: Plaintiff repeatedly complained to her supervisors and Defendant's Board about a pattern and practice of ignoring and not remediating unlawful employment practices.

29. Defendant subsequently took an adverse, retaliatory action against Plaintiff by terminating her from her employment.

30. Plaintiff's protected conduct was a significant factor in Defendant's adverse employment action taken against her.

31. The retaliation would not have occurred had Plaintiff not engaged in activity protected by both Title VII and the ELCRA.

32. Defendant's actions were retaliatory and in violation of both Title VII and the ELCRA.

33. As a direct and proximate result of Defendant's violation of both Title VII and the ELCRA, Plaintiff has suffered bodily injury, depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

34. As a further direct and proximate result of Defendant's violation of both Title VII and the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II
## WRONGFUL TERMINATION/RETALIATION
## IN VIOLATION OF MICHIGAN'S PUBLIC POLICY

35. Plaintiff incorporates by reference all foregoing paragraphs.

36. During her employment, Plaintiff engaged in conduct protected under the public policy of the State of Michigan. Such conduct included seeking to enforce the laws and policies of Defendant as well as state and federal laws.

37. Defendant's termination of Plaintiff's employment was in violation of the public policy of the State of Michigan.

38. Defendant terminated Plaintiff in whole or in part in retaliation for her conduct in conformance with the public policy of the State of Michigan.

39. As a direct and proximate result of Defendant's violation of public policy, Plaintiff has been placed in financial distress and has suffered a loss of earnings, benefits, earning and benefits capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

### RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff demands judgment against Defendant as follows:

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary and punitive damages in whatever amount she is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and

4. An award of interest, costs and reasonable attorney fees.

                **BOGAS & KONCIUS P.C.**

        By:   /s/KATHLEEN L. BOGAS_____
                KATHLEEN L. BOGAS (P25164)
                Attorneys for Plaintiff
                31700 Telegraph Rd, Ste 160
                Bingham Farms, MI  48025
                (248) 502-5000
                office@kbogaslaw.com

Date: April 16, 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKINI JACKSON,

        Plaintiff,

-v-

GENESEE COUNTY ROAD
COMMISSION,

        Defendant.
_____/

Case No.
Judge:
Magistrate:

BOGAS & KONCIUS P.C.
KATHLEEN L. BOGAS (P25164)
Attorneys for Plaintiff
31700 Telegraph Rd, Ste 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
_____/

## JURY DEMAND

Plaintiff MAKINI JACKSON, by and through her attorneys, Bogas & Koncius P.C., hereby demands a jury trial on all issues.

        BOGAS & KONCIUS P.C.
        By:   /s/KATHLEEN L. BOGAS_____
              KATHLEEN L. BOGAS (P25164)
              Attorneys for Plaintiff
              31700 Telegraph Rd, Ste 160
              Bingham Farms, MI  48025
              (248) 502-5000
              office@kbogaslaw.com

Date:  April 16, 2018