UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MAKINI JACKSON,

       Plaintiff,

vs.

    Case No. 2:18-cv-11199

    Hon. Bernard A. Friedman

    Mag. Judge Jonathan J.C. Grey

GENESEE COUNTY ROAD COMMISSION,

      Defendant.

| LEWIS & MUNDAY, P.C. | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|---|---|
| By:  DAVID J. CROSS (P42683) | |
| By:  RONDA T. TRUVILLION (P70767) | By:  RAECHEL M. BADALAMENTI (P64361) |
| Attorneys for Plaintiff | ROBERT T. CAROLLO, JR. (P76542) |
| 535 Griswold, Ste. 2300 | Attorneys for Defendant |
| Detroit, MI  48226 | 19500 Hall Road, Ste. 100 |
| (313) 961-2550 | Clinton Twp., MI 48038 |
| dcross@lewismunday.com | 586-412-4900 |
| rtate@lewismunday.com | rbadalamenti@kirkhuthlaw.com |
| | rcarollo@kirkhuthlaw.com |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**

Plaintiff, by counsel, responds to Defendant's motion as follows:

1.    This matter proceeded to jury trial on Tuesday, January 31, 2023.

**RESPONSE:**

Plaintiff agrees that trial in this matter commenced on January 31, 2023.

2. A verdict was reached on Friday, February 2, 2023. The jury rendered a verdict in favor of Plaintiff on her claims of (a) Retaliation in violation of Title

VII and ELCRA; and (b) wrongful termination in violation of Michigan's Public Policy.

**RESPONSE:** Plaintiff agrees that a jury verdict was rendered in favor of Plaintiff on February 2, 2023.

3.      The verdict was against the great weight of the evidence. Defendant was not permitted to argue its Motion for Directed Verdict given the insufficiency of evidence presented in Plaintiff's case-in-chief but now seeks judgment notwithstanding the verdict on the same basis under Fed. R. Civ. P. 50(b).

**RESPONSE:** Plaintiff denies that the jury verdict was against the great weight of the evidence. With respect to Defendant's claim that it was not permitted to argue its Motion for Directed Verdict, Plaintiff asserts that Defendant made no request to actually argue the motion. There is no record that indicates that Judge Friedman denied a specific request from Defendant's counsel to argue a motion for directed verdict.

4.      Additionally, or alternatively, pursuant to Fed. R. Civ. P. 59(a)(1), Defendant requests a new trial in this matter given irregularities at Trial which rendered the proceedings unfair to Defendant GCRC. This included (a) errors of law that were prevalent in the proceedings about whether Plaintiff was engaged in "protected activity" to which the Court and the Jury Instructions adopted a

standard inconsistent with the Court of Appeals decision; (b) a confusing and erroneous Jury Verdict Form under which Plaintiff was not required to establish essential elements of her claim before liability was determined; and (c) the reading of a "clarification" of law to the Jury after closing arguments that was highly suggestive of the outcome jurors ought to reach.

**RESPONSE:** Plaintiff denies that there were any irregularities at trial that rendered the proceedings unfair to Defendant. The Court correctly followed the Sixth Circuit Court of Appeals decision with respect to whether Plaintiff was engaged in protected activity. The jury verdict form was neither confusing nor erroneous and the Court's reading to the jury of the correction to be made in the jury instruction was proper and had no effect on the outcome of the jury's verdict.

5.     Remittitur or a new trial is further required given that Plaintiff demanded non-economic loss contrary to established orders limiting recovery in this case to actual wage-loss only.

**RESPONSE:** Plaintiff denies that remittitur or a new trial is required in this case. Plaintiff did not demand any non-economic loss and the jury verdict awarding her damages was consistent with the parties Joint Final Pre-Trial Order entered by the Court.

WHEREFORE, Plaintiff Makini Jackson respectfully requests that this Honorable Court deny Defendant's Motion for Judgment as a Matter of Law and its request in the alternative for a New Trial.

Respectfully submitted,

**LEWIS & MUNDAY, P.C.**

By: */s/ David J. Cross*
David J. Cross (P42683)
Ronda Truvillion (P70767)
Attorney for Plaintiff
535 Griswold, Ste. 2300
Detroit, MI 48226
(313) 961-2550
dcross@lewismunday.com
rtate@lewismunday.com

Dated: March 31, 2023

4

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................................6

STATEMENT OF FACTS .................................................................................7

STANDARD OF REVIEW .................................................................................9

LAW AND ANALYSIS .......................................................................11

   A.  This Court did  not apply an erroneous legal standard in declining to hear defendant's motion for directed verdict or, post-verdict denying all pending motions....................................................................................................11

   B.  This Court Applied the Correct Legal Standard to the Jury Instructions and the Jury Verdict Form ...........................................................................17

   C.  Plaintiff did not demand, and the jury did not award Plaintiff any non-economic Damages ...............................................................................19

CONCLUSION AND RELIEF REQUESTED ......................................................21

2021026.0001/4867-5901-4490, v2

INDEX OF AUTHORITIES

**Cases**

*Denhof v. City of Grand Rapids,* 494 F.3d 534 (6th Cir. 2007) ................................9

*Radvansky v. City of Olmsted Falls,* 496 F.3d 609 (6th Cir. 2007).........................9

Yazdian v. ConMed Endoscopic Tech, Inc., 793 F. 3rd 634 (6th Cir. 2015)............10

*Ratliff v. Wellington Exempted Village Schools Bd. of Educ. 820 F.2d 792 (6th Cir. 1987)* ......................................................................................................................11

*United States v. L.E. Cooke Co., Inc., 991 F.2d 336 (6th Cir. 1993)*......................11

*Kirilenko-Ison v. Bd of Educ. of  Danville Indep. Schs., 974 F.3d 652 (6th Cir 2020).* ...................................................................................................................15

*Arbino v. Johnson Johnson*, 2007 Ohio 6948, 116 Ohio St. 3d 468 (Ohio 2007)...20

*Chester Park Co. v. Schulte*, 120 Ohio St. 273 (Ohio 1929)...................................20

**Statutes**

Fed. R. Civ. P. 59(a)(1)............................................................................................2

Fed. R. Civ. P. 50(b) ..............................................................................................10

2021026.0001/4867-5901-4490, v2

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL**

### STATEMENT OF FACTS

On January 31, 2023, this matter was tried before a jury which returned a verdict in favor of Plaintiff. The jury determined that Defendant had retaliated against Plaintiff by terminating her employment in response to her engaging in protected activity related to the enforcement of Defendant's EEOC Plan policies.

At trial, Plaintiff produced four witnesses on her behalf, including Plaintiff herself and Defendant produced two witnesses. All of the witnesses, including Defendant's witnesses testified favorably toward Plaintiff. All of the witnesses produced at trial, including the person who terminated her employment, testified that Plaintiff performed well as the Human Resources Director and Equal Employment Officer for Defendant Genesee County Road Commission, and had improved on how the jobs had been performed in the previous four years before Plaintiff was hired.

Prior to her termination, Plaintiff's employment record was untarnished with Defendant and her employment file did not include a single instance of a complaint or disciplinary action. The Road Commission is overseen by a Board of Commissioners and no complaints or other reports had been made to them about Plaintiff's job performance prior to her termination.

Within weeks of Plaintiff commencing enforcement of Defendant's EEOC policies related to the submission and compliance of EEOC Plans by vendors and subcontractors who wished to conduct business with the Road Commission, Plaintiff's boss, John Daly terminated her employment alleging that the vendors and contractors that she was requiring to submit compliant EEOC Plans, had complained about her communication style.

Over the objections of Plaintiff's counsel, Daly was permitted to relay to the jury hearsay testimony claiming that multiple vendors, contractors, and union personnel had reported to him that Plaintiff was difficult to work with and had a problematic style of communicating. Defendant did not produce a single vendor, contractor, or union personnel to substantiate that they had actually reported what Daly claimed they did.

Plaintiff's counsel argued in his closing that there was no evidence presented by Defendant that any vendors, contractors, or others had ever actually made the reports to Daly as he claimed, and that if no complaints were made to Daly as he reported Daly's proffered reasons for terminating Jackson were therefore pretextual. Defendant argued that they were not required to prove that the complaints were actually made to Daly.

Plaintiff sought damages in the amount of $93,000.00, which represented one year of salary for the year she was unemployed after she was terminated.

8

Plaintiff testified that she made attempts to mitigate her damages by seeking other, equivalent employment and by making efforts to earn a living being self-employed. None of her efforts were successful and she remained unemployed for all of 2017. Plaintiff sought no other category of damages, and the jury awarded her the exact amount of damages she requested. [1]

## STANDARD OF REVIEW

A district court may grant a motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure "only if[,] in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Radvansky v. City of Olmsted Falls,* 496 F.3d 609, 614 (6th Cir. 2007). [I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record . . . [,] draw[ing] all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.

A district court may grant a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure if it "determines that the verdict is clearly against the weight of the evidence." *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543 (6th Cir. 2007)

---

[1] Plaintiff's request for damages was the exact same amount of damages listed in the Joint Final Pretrial Order drafted by the parties and entered by the Court.

Citing Yazdian v. ConMed Endoscopic Tech, Inc., 793 F. 3rd 634, 649 (6th Cir. 2015), the Sixth Circuit Court of Appeals held that *"Where…there are two reasonable interpretations of the evidence, we must allow the jury to resolve the issue of whether the evidence [Jackson] cites is sufficient evidence to conclude that [GCRC] retaliated against [Jackson] for opposing unemployment practice."* **ECF No. 44-2.  Page 19.**

There is no legal support for Defendant's assertion that "*The test is not whether any competent evidence exists to support the verdict. Rather, it is incumbent on the trial court to determine whether the overwhelming weight of the evidence favors the losing party."* There simply is no law to support this suggested standard and Defendant has not cited any such legal precedent. None of the cases referenced by Defendant's usage of the "*Id"* form of citation, stand for the proposition presented by Defendant.

Under Fed. R. Civ. P. 50(b), [t]he issue raised by a motion for a judgment notwithstanding the verdict is whether there is sufficient evidence to raise a question of fact for the jury. In determining whether the evidence is sufficient, the trial court may neither weigh the evidence, pass on the credibility of witnesses, nor substitute its judgment for that of the jury. Rather the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor. Unless, after thus viewing

10

the evidence, the trial court is of the opinion that the evidence does not point so strongly in favor of the movant that reasonable minds could not come to a different conclusion, the motion should be denied. *Ratliff v. Wellington Exempted Village Schools Bd. of Educ. 820 F.2d 792, 795 (6th Cir. 1987*

The decision to grant or deny a new trial lies within the broad discretion of the trial court. *United States v. L.E. Cooke Co., Inc., 991 F.2d 336, 343 (6th Cir. 1993.* Where a motion for a new trial is made upon the ground that a verdict is against the great weight of the evidence, the Court "must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines that the verdict is against the clear weight of the evidence." *Id. at 343*.

## LAW AND ANALYSIS

**A.** This Court did not apply an erroneous legal standard in declining to hear defendant's motion for directed verdict or, post-verdict denying all pending motions.

At the end of Plaintiff's proofs, Defendant's counsel indicated to the Court her intent to make a motion. Counsel did not indicate that the motion was a motion for directed verdict, but the Court did acknowledge the request, indicated that it would take up the matter and instructed Defendant to proceed with its witnesses. Defendant did not object to the Court's directive to proceed and did in fact proceed with its case and witnesses. At the close of its case and proofs, Defendant made no further effort to make a motion or to inquire as to the status of the prior request to

make a motion. It was incumbent upon Defendant to either insist on making its

motion fully by stating the grounds upon which it would rely for such a motion

before proceeding with its proofs or making a record of objections before or after

presenting it case and witnesses. Defendant made no such steps and because of this

failure it appeared that Defendant abandoned its intent to make and argue a motion.

Defendant never, ever made clear to the Court that it intended to make and argue a

motion for a directed verdict.

1. <u>The jury verdict made it abundantly clear that Plaintiff did in-fact meet her burden to establish but-for causation between her protected activity and her termination</u>.

Defendant's argument that Plaintiff failed to meet her burden is nothing

more than Defendant's expression of its dissatisfaction with the jury's verdict.

Defendant simply restates their closing argument, an argument that did not in any

manner convince the jury.

Defendant's primary and almost sole witness John Daly was not in any

manner a believable witness, and as mentioned by the Court of Appeals referring

to his deposition testimony, his credibility was questionable:

> "Finally, there is reason to question Daly's credibility. Daly
> stated that Latimer was one of the employees who complained about
> Jackson's communication style, but Latimer himself stated that he had
> a great working relationship with Jackson and had never heard
> complaints about her. Dickerson also stated that Daly told him that
> Jackson was "doing a great job" approximately two weeks before
> Daly fired her." **ECF No 44-2, Page 20-21.**

As mentioned by the Sixth Circuit Court of Appeals in reference to Daly's deposition testimony, Daly's credibility was questionable. Daly's trial testimony only further confirmed this lack of credibility. Daly testified at trial and admitted that he had made the same claim about Latimer. Latimer, who at the time of Plaintiff's firing was a lead supervisor for the GCRC trunkline crew and Chairperson of the Supervisor's Association, also testified at trial and again denied that he had ever complained to Daly about Plaintiff. Latimer also confirmed his great working relationship with Plaintiff. Additionally, Anthony Branch, the GCRC Equipment and Facilities Director during Plaintiff's employment tenure, testified that he had an "excellent" work  relationship with Jackson and testified that no one from his department, which was the largest at GCRC, had complained to him about Jackson.  Cloyst Dickerson, the GCRC Commission also testified consisted with his deposition testimony as referenced by the Sixth Circuit Court of Appeals.

Defendant relied solely on the testimony of John Daly, and it is clear that the jury simply did not believe him and found him to not be a credible witness. Defendant did not produce any other witnesses, or other evidence, to rebut the testimony of either Latimer, Dickerson, or Branch.

Had the jury believed that Daly terminated Plaintiff for the reasons he claimed, the jury would have found in Defendant's favor, but it did not. Daly's

13

testimony regarding reports of Plaintiff's alleged volatile conduct consisted of nothing but hearsay and hearsay, even when there are exceptions is unreliable.

Merriam-Webster has an excellent definition of what hearsay is: "**…**evidence based not on a witness's personal knowledge but on another's statement not made under oath." In American courts, hearsay is often not allowed in as evidence to prove the truth of what is testified to.  Another definition spells it out clearly:

> Hearsay is an out-of-court statement offered to prove the truth of whatever it asserts. Hearsay evidence is often inadmissible at trial. However, many exclusions and exceptions exist. For something to be hearsay, it does not matter whether the statement was oral or written. Generally speaking, hearsay cannot be used as evidence at trial.

The reason hearsay is generally barred from evidence is simple:  one cannot cross examine the person who is making the statement since that person is not in court. The person in court or the document read is simply repeating what someone else may have said, but that someone else is not present for cross examination to determine whether they actually said what the witness claims they said.

In relation to determining whether GCDC's profited reasons were pretextual, the question the jury had to decide first was whether the alleged complaints were made at all. The jury simply did not believe Daly's claim that certain contractors or vendors complained to him about Plaintiff and Defendant produced no evidence to support the claim.

14

No vendor or contractor was produced at trial to confirm Daly's testimony. The jury concluded that if there was no proof offered that the complaints were made as claimed (and there was no proof introduced by Defendant that they were), the complaints must not have been made at all. Therefore, it would have been impossible for Daly, or anyone else, to base Plaintiff's termination upon complaints that never occurred. This lack of evidence was demonstrative of Defendant's pretextual reasons for terminating Plaintiff.

In its opinion remanding this case for trial, the Sixth Circuit Court of Appeals stated the following:

> "The temporal proximity between Jackson's protected activity and her termination is strong circumstantial evidence." **ECF No. 44-2, Page 18**.

Temporal proximity between the protected activity and the adverse employment action is an important category of circumstantial evidence. *Kirilenko-Ison v. Bd of Educ. of Danville Indep. Schs., 974 F.3d 652, 664-65 (6th Cir 2020)*

In this case, Plaintiff demonstrated to the jury that her termination came shortly after she began enforcing the Defendant's EEOC policies, policies which had not been properly enforced before she took on the role of EEOC Officer. The jury, in determining that Plaintiff was terminated in retaliation for her EEOC activities, clearly considered the temporal proximity of the enforcement activity and Plaintiff's termination because it was proven that shortly after she began her

enforcement, Plaintiff was terminated. In addition, Daly admitted that prior to her termination, Plaintiff's employment record was clean and that there was never any official disciplinary action taken against her while employed as the HR Director and EEOC Officer.

According to the Sixth Circuit Court of Appeals, , of the three interrelated methods for showing that Defendant's proffered nondiscriminatory reasons were pretextual,  (1) that the proffered reason had no basis in fact, (2) that the proffered reason did not actually motivate the employer's action, or (3) that the proffered reason was insufficient to motivate the employer's actions. **ECF No. 44-2, Page 18.**

Plaintiff demonstrated and it is clear that the jury was convinced by Plaintiff's showing that the GCRC's proffered reason(s) had no basis in fact because there was no proof that the alleged complaints that allegedly motivated Daly to terminate Plaintiff were ever actually made to Daly. Defendant produced no evidence to support its claim that vendors, suppliers, contractors, employees, or department heads. Defendant cites the testimony of John Daly as its primary and almost exclusive source of proof that contractors and others reported to him instances of Plaintiff's alleged difficult behavior. Daly's testimony consisted entirely of hearsay. Defendant failed to produce a single original source such as a single person or entity who alleged made such a report to him. There were no

affidavits or other statements from an original alleged source. Defendant having failed to produce anything but unbelievable and unreliable hearsay, the jury found that Defendant's proffered reasons had no basis in fact. The only evidence before the jury, and certainly the overwhelming amount of evidence before the jury was that Jackson was performing exceedingly well in her job. Defendant's primary witness, John Daly stated as much.

**B.     This Court Applied the Correct Legal Standard to the Jury Instructions and the Jury Verdict Form**

There was no error committed by the Court and this Court applied the correct legal standard to both the jury instruction and the jury verdict form. The Sixth Circuit Court of Appeals, clearly and unequivocally determined that Plaintiff was engage in protected activity when she attempted to enforce Defendant's EEOC policies.

1.   The jury was properly instructed that Plaintiff was involved in protected activity when she attempted to enforce the Defendant's EEOC Plan policies and there is no record that the jury was confusingly instructed in this regard.

Defendant's claim that the jury was improperly and confusingly instructed is simply false. The jury deliberated for no more than two hours and expressed no confusion whatsoever. During their deliberations, the only notification from the jury was its request to go to lunch.

With respect to Defendant's claim that the Court improperly instructed the jury regarding protected activity, the Sixth Circuit Court of Appeals held as follows:

> "As previously explained, Jackson's investigations into Branch's complaints that Bennett was discriminating against him because of his race and <u>Jackson's enforcement of EEOP policies were protected activities</u>." **ECF No. 44-2, Page 21**. *Emphasis added.*

This declaration by the Sixth Circuit Court of Appeals (that Jackson's EEOC enforcement activities were protected activities) could not have been stated more clearly, and Defendant's claim that this Court delivered an improper instruction to the jury based upon the COA's ruling, or that the Court's correction of the mistake in the jury instruction along with its reading of the correction of the jury instruction to reflect the COA's determination, is erroneous and not based upon the record.

At best, it is disingenuous for Defendant to not include - or mention, in its motion, the above quoted provision of the Court of Appeals opinion that clearly negates Defendant's argument that whether Plaintiff's EEOC enforcement actions were protected activity was a question for the jury. At its worst, Defendant is attempting to mislead the Court by failing to mention the ruling of the Sixth Circuit Court of Appeals regarding what it considered to be protected activity.

2.  The jury verdict did not result in a direct inconsistency with the Court of Appeals Ruling and did not impose an improper legal standard.

2021026.0001/4867-5901-4490, v2

The record of Defendant objecting to the language of jury verdict form Question 4 as argued in Defendant's motion is sketchy at best. After both parties submitted differing proposed jury verdict forms, the Court discussed both forms and afforded the parties the opportunity to be heard on their proposals. Ultimately, the Court decided on the language of the final jury verdict form. The verdict form was based upon the law and the proper reading and interpretation of the Sixth Circuit Court of Appeals Opinion.

## C.    Plaintiff did not demand, and the jury did not award Plaintiff any non-economic Damages

Plaintiff sought nothing more than economic damages which consisted of one year's salary of $93,000.00. This $93,000 was the salary she would have earned had she not been terminated and representing the one year she was unemployed as a result of the termination. The parties stipulated to the fact that Plaintiff's damages were limited to one year's salary. **See the Joint Final Pretrial Order.**

Plaintiff clearly, and painstakingly testified that she was unemployed for an entire year as a result of Defendant's termination and that she was not able to earn any income despite efforts to do so. Plaintiff's characterization of the loss in income as the damage that was done to her as a result of how she was treated, did not change, in any manner, her demand for one year's salary. Through extensive discovery, including financial and tax documentation produced in response to

Defendant's Request for Production of Documents and deposition testimony, and by way of cross-examination at trial, Plaintiff clearly proved that she attempted to mitigate her damages but was unsuccessful. Defendant produced no evidence to the contrary. There was nothing speculative about Plaintiff's request for damages. The jury found in favor of Plaintiff and awarded her exactly what she requested – one year's salary.

Specific criteria must be met before a court can grant a remittitur. In *Chester Park Co. v. Schulte*, 120 Ohio St. 273, 166 N.E. 186 (Ohio 1929) , the Court laid out four criteria that must be met before a court can grant remittitur: (1) unliquidated damages are assessed by a jury, (2) the verdict is not influenced by passion or prejudice, (3) the award is excessive, and (4) the plaintiff agrees to the reduction in damages. See also *Arbino v. Johnson Johnson*, 2007 Ohio 6948, 116 Ohio St. 3d 468, 880 N.E.2d 420 (Ohio 2007)

The jury award in this case did, (1) not involve an award of unliquidated damages assessed by the jury. Plaintiff sought her actual contractual damages which consisted of one year's salary of $93,000.00 and the jury awarded her that exact amount and nothing more. There was no request, nor was there an award, for any non-economic damages and no request for punitive damages. (2) the verdict was not influenced by passion or prejudice. As mentioned previously, there was no request, nor an award for any damages above or beyond the one year salary that the

jury awarded; there was no request for extra damages such as punitive damages nor a separate request for damages reflecting any pain and suffering or emotional damages Plaintiff may have suffered, and (3) the jury award was not, in any manner, excessive. Plaintiff's request for damages was straight forward and never changed throughout the proceedings and the jury awarded her only that which she requested. Plaintiff properly mitigated her damages. Defendant produced no evidence at trial that Plaintiff earned any other income for the year she was unemployed and there is no legal basis or requirement that a damage award be offset by unemployment benefits. Defendant cites no legal authority for its argument that unemployment benefits should offset an award of damages, because there is no such authority. Lastly, (4) Plaintiff does not agree to a reduction in the damages.

In its motion, Defendant failed to argue or point to any facts that make the jury award excessive by any amount. Defendant does not claim that the jury award exceeded the one year salary request because it did not. There simply is no legal basis for the Court to remit the jury award in this matter.

## CONCLUSION AND RELIEF REQUESTED

Based upon all of the foregoing facts, legal standards, and Plaintiff's argument in response to Defendant's motion, it is clear that this Court committed no error in the conduct of the trial of this matter. The jury was properly instructed,

and it properly determined that Plaintiff had indeed met her burden and proven her case. The jury award was proper and there is no basis for a new trial nor remittitur of the jury award.

Wherefore, Plaintiff respectfully requests that this Court deny Defendant's motion.

Respectfully submitted,

**LEWIS & MUNDAY, P.C.**

By: */s/ David J. Cross*
David J. Cross (P42683)
Ronda Truvillion (P70767)
Attorney for Plaintiff
535 Griswold, Ste. 2300
Detroit, MI 48226
(313) 961-2550
dcross@lewismunday.com
rtate@lewismunday.com

Dated: March 28, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MAKINI JACKSON,

       Plaintiff,

vs.

GENESEE COUNTY ROAD COMMISSION,

       Defendant.

Case No. 2:18-cv-11199

Hon. Bernard A. Friedman

Mag. Judge Jonathan J.C. Grey

| | |
|---|---|
| LEWIS & MUNDAY, P.C. | KIRK,     HUTH,     LANGE     & |
| By:  DAVID J. CROSS (P42683) | BADALAMENTI, PLC |
| By:     RONDA   T.   TRUVILLION | By:  RAECHEL M. BADALAMENTI |
| (P70767) | (P64361) |
| Attorneys for Plaintiff | ROBERT T. CAROLLO, JR. (P76542) |
| 535 Griswold, Ste. 2300 | Attorneys for Defendant |
| Detroit, MI  48226 | 19500 Hall Road, Ste. 100 |
| (313) 961-2550 | Clinton Twp., MI 48038 |
| dcross@lewismunday.com | 586-412-4900 |
| rtate@lewismunday.com | rbadalamenti@kirkhuthlaw.com |
| | rcarollo@kirkhuthlaw.com |

## **CERTIFICATE OF SERVICE**

Maria A. Staples states that on March 31, 2023, she caused a copy of *Plaintiff's Response to Defendants Motion for Judgment as a Matter of Law or Alternatively, for a New Trial, Brief in Support,* and this *Certificate of Service* on behalf of Plaintiff Makini Jackson to be electronically filed with the Clerk of the Court using the CM/ECF system and served by e-filing to the counsel of record.

                           */s/ Maria A. Staples*
                           Maria A. Staples

2021026.0001/4867-5901-4490, v2