UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

MAKINI JACKSON,

       Plaintiff,

vs.

GENESEE COUNTY ROAD COMMISSION,

       Defendants.

Case No. 2:18-cv-11199-BAF-JJCG

Hon. Bernard A. Friedman

Mag. Jonathan J.C. Grey

BERNARD LEGAL SERVICES
By:  PAUL BERNARD (P55722)
Attorney for Plaintiff
13 N. Washington, Ste 176
Ypsilanti, MI 48197
(734) 548-9897
paul@bernardappeals.com

LEWIS & MUNDAY, P.C.
By:  DAVID J. CROSS (P42683)
     RONDA T. TRUVILLION (P70767)
Attorneys for Plaintiff
535 Griswold, Ste. 2300
Detroit, MI  48226
(313) 961-2550
dcross@lewismunday.com
rtate@lewismunday.com

KIRK, HUTH, LANGE & BADALAMENTI, PLC
By:   RAECHEL M. BADALAMENTI (P64361)
     VICTORIA L. PADULA (P85766)
Attorneys for Defendant
19500 Hall Road, Ste. 100
Clinton Twp., MI 48038
586-412-4900
rbadalamenti@kirkhuthlaw.com
vpadula@kirkhuthlaw.com

## DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, TO CERTIFY INTERLOCUTORY APPEAL (ECF NO. 83)

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

## TABLE OF CONTENTS

INDEX OF AUTHORITIES……………………………………………iii-iv

STATEMENT OF ISSUES PRESENTED…………………………………v

I.   INTRODUCTION.....................................................................................1

II.  COUNTER-STATEMENT OF FACTS .......................................................3

III. LAW AND ARGUMENT ..........................................................................4

A.  THIS MOTION IS PROPERLY DENIED WHERE IT DOES NOT, AND COULD NOT, IDENTIFY A "CLERICAL MISTAKE OR A MISTAKE ARISING FROM OVERSIGHT OR OMISSION" TO WHICH RULE 60(B) APPLIES.............................................................5

B.  THIS MOTION CONSTITUTES AN UNTIMELY MOTION FOR SUMMARY JUDGMENT OR A DIRECTED VERDICT THAT IS PROPERLY DENIED. .........................6

C.  EVEN IF CONSIDERED SUBSTANTIVELY, THIS MOTION IS PROPERLY DENIED GIVEN THAT PLAINTIFF FAILED TO MEET HER BURDEN ON CAUSATION AT TRIAL.8

D.  THE MOTION DOES NOT CHALLENGE MULTIPLE PROCEDURAL ERRORS CONSTITUTING AN INDEPENDENT BASIS FOR THE GRANT OF A NEW TRIAL...........13

E.  THE REQUEST TO CERTIFY INTERLOCUTORY APPEAL IS APPROPRIATELY DENIED AS NO "SUBSTANTIAL GROUNDS" EXISTS TO AVOID RE-TRIAL..............14

IV. CONCLUSION AND RELIEF REQUESTED ...........................................18

# INDEX OF AUTHORITIES

### CASES

*Barrow v. Imwalle v. Reliance Medical Products, Inc.*,
  515 F.3d 531 (6th Cir. 2008) ............................................................13

*Booker v. Brown & Williamson Tobacco Co.*,
  879 F.2d 1304 (6th Cir. 1989) ..................................................... 17, 18

*Braun v. Ultimate Jetcharters, LLC*,
  828 F.3d 501 (6th Cir. 2016) ........................................... 6, 7, 10, 11

*Chattman v. Toho Tenax Am., Inc.*,
  686 F.3d 339 (6th Cir. 2012) ............................................................12

*Denhof v. City of Grand Rapids*,
  494 F.3d 534 (6th Cir. 2007) ..............................................................1

*George v. Youngstown State University*,
  966 F.3d 446 (6th Cir. 2020) ............................................................13

*Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*,
  974 F.3d 767 (6th Cir. 2020) ..............................................................8

*In re City of Memphis*,
  293 F.3d 345 (6th Cir. 2002) ............................................................14

*In re Trump*,
  874 F.3d 948 (6th Cir. 2017) ............................................................14

*In re Walter*,
  282 F.3d 434 (6th Cir. 2002) ..............................................................5

*Jackson v. Genesee County Road Commission*,
  31 F.3d 1354 (6th Cir. 2021) ............................................................18

*Jinks v. Allied Signal, Inc.*,
  250 F.3d 381 (6th Cir. 2001) ..............................................................5

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973).................................................................... 16, 18

*Molinar v. MTD Products, Inc.*,
  2021 WL 3633582 (E.D. Mich. Aug. 17, 2021) ...........................15

*Montell v. Diversified Clinical Servs., Inc.*,
  757 F.3d 497 (6th Cir. 2014) ............................................................16

*Myers v. U.S. Cellular Corp.*,
  257 F. App'x 947 (6th Cir. 2007) ............................................. 11, 12

*Nessel v. Endbridge Energy Limited Partnership*,
  2023 WL 2482922 (W.D. Mich., Feb. 21, 2023) ...........................14

*Newsome v. Young Supply Co.*,
  873 F.Supp.2d 872 (E.D. Mich. 2012) ...........................................15

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

iii

*Olle v. Henry & Wright Corp.*,
910 F.2d 357 (6th Cir. 1990) ...........................................................................5
*Redlin v. Grosse Pointe Pub. Sch. Sys.,*
921 F.3d 599 (6th Cir. 2019) ..........................................................................18
*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*,
146 F.3d 367 (6th Cir. 1998) ...........................................................................5
*Seoane–Vazquez v. Ohio State University*,
577 Fed.Appx. 418 (6th Cir.2014) ....................................................................9
*University of Texas Southwestern Medical Center v. Nassar*,
570 U.S. 338 (2013)..........................................................................................9
*Ware v. Unified School Dist. No. 492*,
881 F.2d 906 (10th Cir. 1989) ..........................................................................7
*Wilkins v. Eaton Corp.,*
790 F.2d 515 (6th Cir. 1986) ................................................................... 12, 13

## STATUTES

28 U.S.C. § 1292(b) ........................................................................................14
42 U.S.C. § 2000e, et seq................................................................................17
M.C.L.A. 37.2101, et seq................................................................................17

## RULES

Fed. R. Civ. P. 12 ........................................................................................7, 8
Fed. R. Civ. P. 50 ........................................................................................7, 8
Fed. R. Civ. P. 56 ........................................................................................7, 8
Fed. R. Civ. P. 60 ...........................................................................................5

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

## **STATEMENT OF ISSUES PRESENTED**

I.    Is this Creatively Titled Motion Properly Denied as an Untimely Request for Summary Judgment or Judgment as a Matter of Law Post-Verdict?

       Plaintiff Answers: No.
       **Defendant Answers: Yes.**

II.   Must This FRCP 60(b) Motion Be Denied Where It Merely Reasserts the Same Arguments Plaintiff Made in ECF No. 78 in Opposition to the Motion for New Trial and/or Asserts New Substantive Arguments Never Before Raised by Motion Seeking a Post-Verdict Judgement as a Matter of Law?

       Plaintiff Answers: No.
       **Defendant Answers: Yes.**

III.  If this Motion is Considered Substantively, Must It Still Be Denied Where Plaintiff Has Not Identified a "Clerical Error or Mistake" Warranting Reversal of the Court's Ruling at ECF No. 80 Granting a New Trial But Case Law that Fully Supports this Court's Finding that a New Trial is Required?

       Plaintiff Answers: No.
       **Defendant Answers: Yes.**

IV.   If this Motion is Considered Substantively, Must It Still be Denied Given There is No Basis from Which to Conclude that Plaintiff Met her Trial Burden To Establish Causation or Pretext in this Case?

       Plaintiff Answers: No.
       **Defendant Answers: Yes.**

V.    Is the Request for Interlocutory Appeal Properly Denied Where "Substantial Grounds" Do Not Exist and, In Fact, the Court's Order at ECF No. 80 Tracks Exactly the Governing Language from the Sixth Circuit?

       Plaintiff Answers: No.
       **Defendant Answers: Yes.**

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

## I.    <u>INTRODUCTION</u>

Substantively, the Motion is predicated on the clearly erroneous notion that the "Sixth Circuit concluded Plaintiff had substantial evidence to show that Defendant's proffered reason was pretextual… [and therefore the] question of causation turned on subjective factors and upon the assessment of witness credibility." **ECF No. 83, PageID.2018**. The Motion argues under this misconception that *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) precludes a new trial because this Court is usurping the jury's finding on "causation." In doing so, the Motion seems to calculatedly confuse the prima facie burden to establish "causation" with Plaintiff's separate burden to establish "pretext" while completely ignoring the actual legal standards, as against the Trial record, for establishing either one.

Plaintiff - through counsel not present at Trial – equally errs in asserting that the jury should have been instructed that Plaintiff *was engaged in protected activity*, instead of being asked whether she was so engaged. The Court will recall that Plaintiff's sole argument for this instruction, even still in opposition to the Motion for New Trial, was that the Sixth Circuit Opinion had already concluded as a matter of law that Plaintiff was so engaged. **ECF No. 78, PageID.2050-52; See also, ECF No. 74, PageID.1751-52, 1854-6; ECF No. 75, PageID. 1944-48, 1950-1, 1963**. Now though, Plaintiff argues anew that this instruction was proper

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

because there was "no dispute" during Trial that Jackson's involvement with EEO Plan submissions was protected activity. This new argument is both untimely and incorrect. The simple reality is that Defendant, at all times, disputed such assertion and the instruction ultimately given on this issue. **ECF No. 74, PageID.1751-52, 1854-6; ECF No. 75, PageID.1907, 1944-48, 1950-1, 1963, 1965-7.** Such arguments are improperly asserted here under Rule 60(b) where Plaintiff never moved for a finding on causation or pretext to take this question from the jury. The failure to seek such ruling before or during Trial is dispositive under FRCP 12, 56 and/or 50.

Finally, this Court properly denies the Motion to Certify an immediate appeal. This extraordinary relief is impermissibly sought by Plaintiff as a last stitch effort for the appellate court to reverse this Court's Opinion and Order granting new trial; to wit, was overwhelmingly supported by the abysmal trial record of any evidence to establish Plaintiff's prima facie case of retaliation. **ECF No. 80, PageID.2073-5.** No substantial grounds exist for differing opinions that Plaintiff offered zero evidence demonstrating either causal connection between her EEO plan enforcement and her termination, or that Director Daly's termination of plaintiff was pretextual discrimination. **Ibid.** Certification of interlocutory appeal is properly denied.

## II.    COUNTER-STATEMENT OF FACTS

In support of this Motion, Plaintiff points out every scintilla of evidence that a jury *could have* relied upon to conclude that Jackson was qualified to perform the job of Human Resource Director, that she did perform that job and that she was engaged in *some* protected activity in the course and scope of doing so.  However, there is no reference --- nor could there be --- to where this Court concluded as a matter of law that Plaintiff was engaged in protected activity <u>when she argued with vendors and co-workers about issues surrounding EEO Plan submissions.</u>  In reality, Plaintiff never even moved before or at Trial for such a ruling.

This is significant because Defendant asserted the "activity" in issue had nothing to do with the *content* of the EEO Plans being submitted but everything to do with Plaintiff's *terse and impossible communication style* toward vendors needing to submit them.  The evidence of this included Trial Exhibits 6, 12, 16, 19, 20 and 23, **at ECF No.59, PageID.998, 1018-21, 1031, 1040-1, 1043-4, 1052-3**, and testimony about Plaintiff's intentional holdup of vendor projects, the withholding of vendor payments for which she had no authority and demands that vendors (a) address her only as "Director Jackson," (b) communicate only by email and with typed Plans, and (c) exclusively communicate with Plaintiff regardless of whether she responded.  **ECF No. 74, PageID.1624, 1626-8, 1641, 1644-5, 1796,**

3

1815, 1826; see also, ECF No. 59, PageID.1040, 1031, 1018-20, 1043; ECF No. 80, PageID 2077-9.

Likewise, the recitation of facts is noticeably void of any citation to Trial Exhibits or trial testimony from which pretext could be established. That is because Plaintiff presented none! Mere argument about the prima facie elements of a retaliation claim avoided summary judgment. Plaintiff then had the burden to do more, especially to establish pretext under established law. Though the Motion simply ignores this gap in trial proofs, this Court properly held Plaintiff failed to meet this burden in issuing its Opinion and Order at **ECF No. 80**.

For further recitation of facts, Defendant relies upon the recitation of facts set forth in **ECF No. 76, PageID.2010-4, 2022 Fn 5 and 2027**, the Trial Transcripts at **ECF Nos. 73-75**, and this Court's factual findings set forth in **ECF No. 80**, all as though fully restated herein.

## III.   LAW AND ARGUMENT

The reality here is that Plaintiff established a prima facie case, but the Sixth Circuit was very clear more would be needed at Trial. Plaintiff did not produce more prior to Trial and, in fact, opposed discovery extensively which resulted in a limine ruling precluding her from introducing proofs beyond what was relied on at the summary judgment stage. See, **ECF No. 81**. As to be expected, those limited proofs were insufficient to meet Plaintiff's burden on claims of retaliation and/or

discrimination. **See ECF No. 80, PageID.2073, quoting, ECF No.44-2, Page 18; ECF No. 26, PageID.774**. Mere errors in the Trial proceedings led to a different outcome that this Court properly could not led stand.   There is no basis for reconsideration; this Motion is properly denied.

> **A. This Motion Is Properly Denied Where It Does Not, and Could Not, Identify a "Clerical Mistake or a Mistake Arising from Oversight or Omission" To Which Rule 60(b) Applies.**

A motion for reconsideration is not an opportunity for a party to present new evidence and arguments; it is also not the place to rehash arguments already raised. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). In fact, Rule 60(a) provides, in pertinent part,

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

This rule does not authorize the court to revisit matters of legal analysis or otherwise change an "error[] of substantive judgment." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002), *citing Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990).

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

Yet, this Motion does not identify any clerical error, mistake or omission in the entry of judgment or a ruling of this Court. Plaintiff merely asks the Court to look again at the arguments raised in opposition to the Motion for New Trial, at **ECF No. 78**, and a litany of new, unpreserved ones in hopes of a different outcome. More specifically, Plaintiff argues that this Court "appeared to improperly augment Plaintiff's burden of proof under the *McDonnell Douglas* burden shifting test…" **ECF 83, PageID.2107.** Plaintiff then argues (again) that "it is error to order a new trial when a retaliation plaintiff proves her case with the kind of evidence that Plaintiff offered here…" **Ibid**. She then recites case law arguing this Court should under this Rule 60(b) request simply just find as a matter of law that Plaintiff's "evidence is as strong as the plaintiff's evidence in *Braun v. Ultimate Jetcharters, LLC,* 828 F.3d 501 (6th Cir. 2016)." **ECF 83, PageID.2110**.

This is procedurally improper. Rule 60(b) simply does not provide a mechanism for a second review of the determination (even if new counsel has been retained yet again by Plaintiff) at **ECF No. 80.**

### B. This Motion Constitutes an Untimely Motion for Summary Judgment or a Directed Verdict That Is Properly Denied.

While the Motion purports to seek relief under Rule 60(b), the Plaintiff herein is actually asking for this Court to make a legal determination now --- post Trial --- that Plaintiff's was entitled to summary judgment or a directed verdict on

the issues of (1) causation, i.e., that her termination had a causal link to her involvement with EEO Plan submissions; and (2) that Plaintiff's involvement with EEO Plan submissions constituted protected activity.  This isn't latent; Plaintiff boldly asks this Court to rule at this time that her proofs at Trial directly align with cases like *Braun* and *Ware v. Unified School Dist. No. 492*, 881 F.2d 906 (10th Cir. 1989) so that a new Trial is not necessary.  **See ECF 83, PageID.2110-12.**

Such a Motion properly denied as untimely.  To wit, a dispositive motion under Fed. R. Civ. P. 12 and/or 56 must be filed and heard "before trial unless the court orders a deferral until trial" or at any time, no later than thirty (30) days after the close of all discovery.  Here, Plaintiff *never* moved for any findings of law or fact under Rule 12 or 56 regarding the elements of (1) causation; or (2) pretext. This Court should not even entertain a request to do so now merely because the Motion is filed with citation only to Rule 60(b).

Likewise, Fed. R. Civ. P. 50(a)(2) requires a Motion for Judgment as a Matter of Law be brought "at any time before the case is submitted to the jury." Such request can only be renewed after Trial by Motion made within 28 days.  Fed. R. Civ P. 50(b). This Motion was filed **88 days** post-verdict.  Moreover, a Rule 50(b) motion must actually renew a Rule 50(a) motion made before the case is submitted to the jury. *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

F.3d 767, 780 (6th Cir. 2020).  Plaintiff made no such Motion here on either issue at the time of Trial; that failure is dispositive.

This Motion is properly denied as procedurally defective and/or untimely.

**C. Even If Considered Substantively, This Motion is Properly Denied Given That Plaintiff Failed to Meet Her Burden on Causation at Trial.**

Plaintiff's Motion errs in arguing, as Plaintiff did at Trial, that the appellate court made "definitive findings" regarding protected activity.  The appellate court made a finding that the Plaintiff was engaged in protected activity regarding the Branch complaint of discrimination against Bennett.  **ECF No. 26, PageID. 769-70**.  The appellate court also found that there was enough evidence from which a reasonable jury might conclude the Plaintiff's activity in regard to EEO Plan submissions was a protected one, but it stopped short of making that determination.  **Id., at 770-71; ECF No. 80, PageID.2081-3**.  Thus, Plaintiff could either request a determination from the Court on this element of her claim under FRCP 12, 56 or 50 or submit the question to the jury.  No Motion was made under FRCP 12, 56 or 50 and Plaintiff successfully argued avoidance of this question going to the jury.  To wit, the jury was incorrectly instructed that some finding of law had been made that Plaintiff's performance of the position of Human Resource Director was at all times and in all respects "protected activity."  **ECF No. 69, PageID.1382, 1384; ECF No. 75, PageID.1934-6, 1976-7**.  Likewise, the jury was not asked *whether*

8

Plaintiff's involvement with the EEO Plan submissions was protected activity in error.

Given that these errors plainly occurred, a fact the Motion does not dispute, Plaintiff now asks this Court to make findings of law on causation and pretext that were never even requested before the case went to the jury. This Court has no such authority. Further, the arguments being made wholly lack merit even if considered substantively.

First, there was a clear lack of evidence of a causal link between the termination and Plaintiff's EEO Plan involvement. Plaintiff was required to demonstrate that a "protected activity" was a but-for cause of the adverse action by the employer. *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360 (2013); *See also Seoane–Vazquez v. Ohio State University*, 577 Fed.Appx. 418, 428 (6th Cir.2014). Indeed, the appellate Court was explicit in this case that:

> Jackson must demonstrate that there was a causal connection between her protected activity and the adverse employment action taken against her, meaning that but-for her protected activity, her employment would not have been terminated. **ECF No. 26, PageID.772.**

While the jury concluded that Jackson was terminated "in retaliation for enforcing EEOP requirements," **at ECF No. 66, at Question 2**, such a conclusion did not flow from any evidentiary basis that she was engaged in protected activity or that

9

her opposition conduct was "reasonable.' Specifically, witnesses Branch, Dickerson, Mullin and Latimer had no knowledge as to why Plaintiff was terminated. Plaintiff testified she had no idea either, that it came as a complete 'shock.' **ECF No. 74, PageID.1652-3**. The only witness with knowledge was Director Daly who maintained unequivocally that EEO Plan enforcement was not the reason for Plaintiff's termination. Daly testified that Jackson's termination was due to his "lost confidence in her judgment" and his view that "her communication style was not conducive to building good relations…" **Id., at 1842**. Moreover, Director Daly counseled Plaintiff on several occasions concerning her abrasive communication style with vendors and other inner-department heads, as well as her over-stepping of the GCRC Attorney Derderian. Despite these counseling sessions, Plaintiff demonstrated to Director Daly that she was incapable of conducting herself in a professional manner when dealing with the same employee access issues with Attorney Derderian, nor with handling of the EEOP vendor submissions.

Significantly, this case is nothing like *Braun* as suggested by the Motion given that the plaintiff in *Braun* had on four different occasions <u>during her employment</u> relayed to her manager over the phone that she felt she was being mistreated *because she was female* and then sent a "cease and desist" email to that manager itemizing the events she felt bordered on "harassment." *Id.*, 828 F.3d at

512.  In such a case, the jury was asked to make a finding about *whether* plaintiff held an objectively reasonable and good faith belief that she was engaged in protected activity.  *Id.*  The jury's finding in the affirmative was not disturbed on appeal.  Here, Jackson never expressed during her employment any concerns about retaliation or discrimination.  **ECF No. 74, PageID.1653**.  In fact, she testified she had never complained to Managing Director Daly about any mistreatment at all given that he followed nearly every recommendation she made in the course and scope of her duties.  **ECF No. 73, PageID.1594-1601, 1485-6, 1532**.  Also here, the question of whether Plaintiff held an objective, reasonable belief that what she was doing regarding EEO Plan submissions was "protected activity" was not a question put to the jury.  That is, correspondingly, one of the precise errors this Court identified in granting a new Trial.  *Braun* supports this Court's determination fully.  This Motion is properly denied.

Second, the argument is equally flawed regarding the lack of evidence of pretext.  "A plaintiff meets her burden to show pretext by producing sufficient evidence from which the jury may reasonably reject the employer's [legitimate, non-discriminatory] explanation" for the termination of employment. *Myers v. U.S. Cellular Corp.*, 257 F. App'x 947, 954 (6th Cir. 2007) (cleaned up). In other words, "the plaintiff must introduce admissible evidence to show that the proffered reason was not the true reason, and that discriminatory animus was the true motivation

driving the employer's decision." *Id.* (cleaned up). But here, Plaintiff offered only "temporal proximity" and her own self-serving speculation and conjecture, which may avoid summary judgment, but is absolutely insufficient under settled law to establish the plaintiff's trial burden. *See Wilkins v. Eaton Corp.,* 790 F.2d 515, 521 (6th Cir. 1986); **ECF No.26, PageID.765**.  Against this, there was substantial evidence offered to support Daly's legitimate, non-discriminatory reason for Jackson's termination including the stipulated fact that Daly had counseled Plaintiff for the same conduct multiple times before her termination. **See Stipulated Fact No. 18 at ECF No. 54, PageID.920; see also, ECF No. 74, PageID.1754-5.** Also important is that the appellate court already concluded as a matter of law that the reason proffered by Daly constituted a legitimate, non-discriminatory one.  **ECF No. 26, PageID.774**.

To suggest otherwise, the Motion does not point to any specific evidence of pretext (because none was offered) but restates the view that Defendant's presentation of proofs to support Daly's testimony was lacking.  This argument continues to have zero merit here given the Defendant's burden at Trial is merely to proffer a non-discriminatory reason.  Defendant's burden is "merely one of production, not persuasion." *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 349 (6th Cir. 2012).  On the other hand, Plaintiff's burden is not "light" or "subjective" as the Motion argues.  *See, Myers*; *George v. Youngstown State University*, 966

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

F.3d 446, 462 (6th Cir. 2020); *Barrow v. Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 544 (6th Cir. 2008) (Plaintiff must "demonstrate by a preponderance of the evidence that the defendant's proffered reason was a pretext for [] discrimination). This required actual evidence to establish that the proffered reason from Daly (a) had no basis in fact, (b) did not actually motivate his action, or (c) that it was insufficient to motivate his action.  **See ECF 80, PageID.2074**, *citing Wilkins v. Eaton Corp.*, 790 F.2d 515 (6th Cir. 1986).  No such evidence was offered.  As such, the Motion wholly fails to provide a basis for reconsideration regarding pretext.

The Motion simply does not provide a basis to reverse this Court's grant of a new trial on grounds of insufficiency of evidence as set forth in **ECF No. 80**.  It is properly denied.

### D. The Motion Does Not Challenge Multiple Procedural Errors Constituting an Independent Basis for the Grant of a New Trial.

The Court concluded a new trial was required on multiple, independent grounds.  Plaintiff's latest Motion does not even challenge the following findings of procedural irregularities: (1) the mutual error found on the part of counsel for Defendant and the Court regarding the Rule 50 Motion sought to be timely made at Trial [**See ECF No. 80, PageID.2069**]; (2)   the court's special instruction regarding protected activity given after closing argument [**See ECF No. 80, PageID.2083**]; (3) a Jury Verdict Form being presented that was devoid of any

13

question inquiring whether Jackson engaged in protected activity [**See ECF No. 80, PageID.2083**].  Any one of these unchallenged reasons require the ruling for a new Trial at **ECF No. 80** to stand.  Further, this Court did not even need to consider other procedural irregularities identified by Defendants' Motion at ECF No. 76 because it found those recited were already compelling enough.  For all these unchallenged reasons, this Motion is properly denied.

### E. The Request to Certify Interlocutory Appeal is Appropriately Denied As No "Substantial Grounds" Exists To Avoid Re-Trial.

District courts have broad discretion in deciding whether to grant or deny an interlocutory appeal. *Nessel v. Endbridge Energy Limited Partnership*, 2023 WL 2482922, slip op at *1 (W.D. Mich., Feb. 21, 2023).  Certification for an appeal under § 1292(b) should be "granted sparingly and only in exceptional cases." *Id., citing, In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Interlocutory appeal is appropriate only in limited sets of circumstances, as provided by 28 U.S.C. § 1292(b): if (1) the appeal involves a controlling question of law, (2) there is a "substantial ground for difference of opinion about the answer, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  The party requesting certification bears the burden of establishing each statutory factor. *Nessel, supra*; *see also, In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017).

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

14

The second factor is whether "there is substantial ground for difference of opinion" in the question that plaintiff wants certified for appeal. Substantial ground for a difference of opinion on the issues raised by an interlocutory order exists where: 1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; 2) the question is difficult and of first impression; 3) a difference of opinion exists within the controlling circuit; or 4) the circuits are split on the question. *Molinar v. MTD Products, Inc.,* 2021 WL 3633582, slip op. at *1 (E.D. Mich. Aug. 17, 2021)*; Newsome v. Young Supply Co.,* 873 F.Supp.2d 872, 876-77 (E.D. Mich. 2012) (citations omitted).

In this case, Plaintiff alleges that the appellate court made definitive findings concerning her "protected activities" inasmuch as it relates to her enforcement of EEO policy. On this incorrect premise, she hopes to go back to the appeals court instead of before another jury who will be asked whether she has, in fact, evidence to satisfy each element of her claim.  As evidence of this the Motion resorts to previously briefed arguments made by Defendant in its motion for summary judgment and this Court's Opinion and Order granting the same.  While this evidence may have avoided summary judgment, it is not sufficient to establish liability at Trial.  The Motion cannot simply ignore this burden in hopes for a second review of the exact same issue already considered by the appeals court.

Specifically, the *McDonnell Douglas* burden-shifting framework is undisputedly applicable to Plaintiff's case in order to prevail on her claims of retaliation. Under this framework, as unanimously adhered to in the Sixth Circuit when plaintiff offers circumstantial evidence, a retaliation plaintiff must *first* prove her prima facie case of retaliation, demonstrating that (1) plaintiff was engaged in a protected activity, (2) defendant was aware of the protected activity, (3) defendant took adverse action against plaintiff and (4) causation exists between the protected activity and adverse employment action. **ECF No. 26, PageID.765.** Next, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for its action; and in this case, the appellate court unequivocally determined Defendant satisfied its burden. **Ibid**, *citing McDonnel Douglas Corp*., 411 U.S. 792 (1973). Once defendant offers a legitimate nondiscriminatory reason, "the burden shifts back to the plaintiff to show that the proffered reason was a mere pretext for discrimination." **Ibid**. "The ultimate burden, however, remains with the plaintiff to convince the factfinder that the defendant retaliated against her for engaging in protected activity." **Ibid**, *citing, Montell v. Diversified Clinical Servs., Inc., 757 F.3d 497, 504 (6th Cir. 2014).*

Legal errors occurred at Trial when the jury was not asked whether Plaintiff's conduct in question, being her abrasive and impossible communication style with vendors concerning EEO plan submissions, was "protected activity" in

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

establishing her prima facie case of retaliation; nor was the jury asked to determine whether Plaintiff's actions while enforcing the EEOP policy constituted "reasonable opposition," or opposition to discrimination at all --- all of which is necessary to be considered "protected activity" under *Booker*, 879 F.2d  at 1313. **See, ECF No. 26, PageID.770-71; see also, ECF No. 76, PageID.2012**. After all, it is well settled in federal and state law that not all opposition is protected and an employee is not protected under Title VII or the ELCRA when she violates legitimate rules and orders of her employer, disrupts the employment environment, or interferes with the attainment of her employer's goals. *Id*.

Finally, absolutely no evidence was offered to establish what the appellate court made clear was the 'but-for' causal connection burden Plaintiff must establish at Trial.  The insufficient trial record supporting Plaintiff's "causation" is vastly distinguishable from *Caldwell v. Chesapeake Ohio Railway Co.,* 504 F.2d 444 (6th Cir. 1974), where substantial grounds for differing opinions existed in a wrongful death case, via expert and treater testimony, as to a causal relationship between an accident and a plaintiff's death. *Caldwell* has zero application in the Title VII retaliation context.

The reality is that the jury was instructed, with their attention called to it specifically after closing arguments concluded, that **<u>all</u>** of Plaintiff's conduct was "protected activity" for purposes of Title VII's broad protection. **ECF No. 69,**

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

**PageID.1382, 1384; ECF No. 75, PageID. 1934-6, 1976-7.** Post verdict, this Court delved into the language from the appellate decision to determine this was error. **ECF No. 80, PageID.2081-3.** Interlocutory review is not needed as the guidance for this Court at a new Trial is already clear.

These issues are not of first impression, nor is there a lack of guidance from established caselaw, including the appellate court ruling in this very matter. Simply, Plaintiff had the burden to prove each of the elements of her claim. She was able to convince the Court in various ways so as to confuse jurors as to her burden under Title VII and ELCRA. That mess of Plaintiff's own making does not provide grounds for interlocutory appeal. *See Jackson v. Genesee County Road Commission*, 31 F.3d 1354 (6th Cir. 2021); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1313 (6th Cir. 1989); *Redlin v. Grosse Pointe Pub. Sch. Sys.,* 921 F.3d 599, 612 (6th Cir. 2019). Accordingly, there are no ground to certify interlocutory appeal. This Motion should be denied in its entirety.

## IV.   <u>CONCLUSION AND RELIEF REQUESTED</u>

WHEREFORE, Defendant respectfully requests this Court (A) Deny Plaintiff's Motion for Reconsideration, or in the Alternative, Certify Interlocutory Appeal, in its entirety; (B) Deem the filing frivolous given no legitimate legal

argument exists for a legal determination under FRCP 12, 56 or 50 post-verdict; and (C) Grant any other relief it deems appropriate.

Respectfully Submitted,

KIRK, HUTH, LANGE & BADALAMENTI, PLC

s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
Attorneys for Defendant
19500 Hall Road, Ste. 100
Clinton Twp., MI 48038
586-412-4900
rbadalamenti@kirkhuthlaw.com

Dated:  May 23, 2023

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKINI JACKSON,

Plaintiff,                                    Case No.2:18-cv-11199-BAF-RSW
v.                                            Hon. Bernard A. Friedman


GENESEE COUNTY ROAD COMMISSION,

Defendant.
                                                                              /

| BERNARD LEGAL SERVICES | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|---|---|
| By:  PAUL BERNARD (P55722) | By: RAECHEL M. BADALAMENTI (P64361) |
| Attorney for Plaintiff | VICTORIA L. PADULA (P85766) |
| 13 N. Washington, Ste 176 | Attorneys for Defendant |
| Ypsilanti, MI 48197 | 19500 Hall Road, Suite 100 |
| (734) 548-9897 | Clinton Township, MI  48038 |
| paul@bernardappeals.com | (586) 412-4900     Fax:  (586) 412-4949 |
|  | rbadalamenti@kirkhuthlaw.com |
|  | vpadula@kirkhuthlaw.com |
| LEWIS & MUNDAY, P.C. |  |
| By:  DAVID J. CROSS (P42683) |  |
| RONDA T. TRUVILLION (P70767) |  |
| Attorneys for Plaintiff |  |
| 535 Griswold, Ste. 2300 |  |
| Detroit, MI  48226 |  |
| (313) 961-2550 |  |
| dcross@lewismunday.com |  |
| rtate@lewismunday.com |  |

                                                                              /

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: PAUL BERNARD (P55722), DAVID J. CROSS (P42683) and RONDA T. TRUVILLION (P70767).

s/Victoria L. Padula
VICTORIA L. PADULA (P85766)
vpadula@kirkhuthlaw.com

1

19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.