UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKINI JACKSON,

      Plaintiff,               Case No. 18-cv-11199
                                 HON. BERNARD A. FRIEDMAN

vs.

GENESEE COUNTY
ROAD COMMISSION,

      Defendant.

_____/

## <u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY INTERLOCUTORY APPEAL</u>

This matter is before the Court on plaintiff Makini Jackson's motion for reconsideration or, in the alternative, to certify interlocutory appeal. (ECF No. 83). The Court ordered defendant Genesee County Road Commission ("Road Commission" or "GCRC") to respond, and the Road Commission has done so. (ECF No. 85). The Court does not believe a hearing is necessary and shall decide the motion without oral argument. E.D. Mich. LR 7.1(f). For the reasons that follow, the motion is denied.

I.  <u>Background</u>

Jackson filed her complaint in this case in April 2018.  (ECF No. 1).  In March 2020, this Court granted the Road Commission's motion for summary judgment.  (ECF No. 21).  Jackson appealed, and the Sixth Circuit reversed.  (ECF No. 26).  The case proceeded to trial and on February 3, 2023, the jury returned a verdict finding that Jackson was terminated in retaliation for enforcing EEOP requirements but that she was not terminated in retaliation for investigating other employees' claims of discrimination.  (ECF No. 66).

On February 28, 2023, the Road Commission filed a motion for judgment as a matter of law or, alternatively, for a new trial.  (ECF No. 76).  Jackson filed a response in opposition.  (ECF No. 78).  This Court denied the motion for judgment as a matter of law but granted the motion for a new trial.  (ECF No. 80).  The motion for a new trial was granted on three independent grounds.  First, the verdict was against the weight of the evidence as Jackson did not establish the element of causation to link a protected activity and her termination.  (*Id.*, PageID.2074).  Second, the verdict was against the weight of the evidence with regard to the finding that the Road Commission's proffered legitimate, non-discriminatory reason for terminating Jackson was mere pretext.  (*Id.*, PageID.2080).  Third, a new trial was warranted given this Court's erroneous ruling (and related jury

2

instruction) that the Sixth Circuit had conclusively determined that Jackson was engaged in protected activity in her EEO work. (*Id.*, PageID.2083).

With new counsel, Jackson has now filed the instant motion for reconsideration or, in the alternative, to certify interlocutory appeal. (ECF No. 83). GCRC has filed a response. (ECF No. 85).

II. <u>Legal Standard</u>

Jackson moves for reconsideration pursuant to Fed. R. Civ. P. 60(a) and E.D. Mich. LR 7.1(h)(2)(A). (ECF No. 83, PageID.2089).

Fed. R. Civ. P. 60(a) states:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

A Rule 60(a) motion is directed to clerical mistakes; it "does not, however, authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (cleaned up).

Under E.D. Mich. LR 7.1(h)(2)(A), motions for reconsideration of nonfinal orders are "disfavored" and may only be brough upon the grounds that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision,

and the mistake was based on the record and law before the court at the time of its prior decision."

In the alternative, Jackson asks the Court to issue an order under 28 U.S.C. § 1292(b) to certify an interlocutory appeal from the Order granting a new trial. (ECF No. 83, PageID.2089).  Under that provision, if a district court judge is

> of the opinion that [an order not otherwise appealable under this section] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

III.   Analysis

A. *Reconsideration of the Court's Order is not warranted.*

As a preliminary matter, the Court notes that because Jackson seeks a substantively different outcome rather than a clerical correction, Fed. R. Civ. P. 60(a) is inapplicable.

With regard to E.D. Mich. LR 7.1(h)(2)(A), motions for reconsideration of nonfinal orders are "disfavored."  Here Jackson fails to demonstrate that the Court made a mistake based on the record and law before the Court at the time of the earlier decision and that the correction of that mistake would change the outcome.

As indicated above: this Court granted a new trial because the jury's verdict was against the weight of the evidence on two issues and because the Court came

4

to an erroneous conclusion as to the elements Plaintiff was required to prove to the jury in light of the Sixth Circuit's ruling. (ECF No. 80). The Court specifically noted the high bar required to demonstrate that the verdict was against the clear weight of the evidence and found that in this case the jury's verdict was in fact unreasonable in light of the evidence presented. (*Id.*, PageID.2065-66, 2072-80).

Jackson now urges that in so ruling, "this Court appeared to improperly augment Plaintiff's burden of proof . . . by concluding that Plaintiff's evidence was insufficient because it did not contain direct evidence of Defendant's retaliatory motive." (ECF No. 83, PageID.2107). For the avoidance of doubt, the Court clarifies that it is aware that either circumstantial or direct evidence may support a plaintiff's allegation of retaliation. In this case, however, Jackson provided only scant evidence, direct or circumstantial, in support of causation and pretext while the Road Commission provided overwhelming evidence to the contrary. Jackson's "mere scintilla of evidence" presented at trial falls short of that required to reasonably support an outcome in her favor. *Wilkins v. Eaton Corp.*, 790 F.2d 515, 523 (6th Cir. 1986). The jury's verdict was unreasonable and against the weight of the evidence.

Jackson also now seeks to compare this case to that of *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501 (6th Cir. 2016) and other cases. (ECF No. 83, PageID.2108-2112). First, these arguments should have been raised in the original

response to the motion for a new trial; a motion for reconsideration is not meant to be a second bite at the apple.  Second, *Braun* is distinguishable.  In *Braun*, the Sixth Circuit held that the jury was justified in finding for the plaintiff on causation where she was terminated within three weeks of her complaints of harassment and where, "[i]mportantly, this temporal proximity was coupled with Plaintiff's testimony that she did not commit the errors for which she was purportedly terminated, or that some of those same errors were sometimes committed by non-terminated male coworkers."  828 F.3d at 513.  Here, however, the relevant timeline is marked in months, not weeks, and Jackson has again offered only a broad statement that her "evidence is as strong as the plaintiff's evidence in *Braun*."  (ECF No. 83, PageID.2110).

Jackson further argues that in cases like this one, where the relative weight of the evidence depends on an assessment of witness credibility, a trial court should not substitute its judgment for that of the jury.  (*Id.*, PageID.2110-12).  The Court is mindful of the jury's role in this system but finds that in this extraordinary case the verdict reached by the jury is simply unreasonable given all of the evidence presented.

On the topic of instructional error, Jackson urges that because there was no material dispute on the subject, the Court acted properly in instructing the jury that she was engaged in protected activity.  (*Id.*, PageID.2113-16).  Here Jackson seems

to argue that because GCRC offered two arguments regarding protected activity at the summary judgment stage, and because both of those arguments were rejected by the Sixth Circuit, she was relieved of the burden of proving this element at trial. Not so. As this Court has already articulated: the Sixth Circuit's opinion was ambiguous as to whether her EEO compliance efforts *could* be considered protected activity or *were definitely* protected activity. (ECF No. 80, PageID.2081). Accordingly, the question should have gone to the jury. The Sixth Circuit's rejection of the Road Commission's summary judgment arguments did not constitute a final ruling on this element of the claim so as to remove it from the field of play.

And Jackson's suggestion that there was no error because she offered trial testimony to show that she engaged in protected activity and defendant "did not submit contrary evidence" is similarly misplaced. (ECF No. 83, PageID.2115). A motion for reconsideration of an Order granting one's opponent a new trial is not the correct venue for challenging the sufficiency of the opponent's case. Earlier a summary judgment motion might have been the place to make that argument; now Jackson can make it to the jury at the new trial.

In sum, Jackson has not shown that the Court made a mistake, based on the record and law before the Court at the time of its earlier decision, and that

correcting the mistake would change the outcome.  E.D. Mich. LR 7.1(h)(2)(A).

The motion for reconsideration is properly denied.

> B. *Certification of an interlocutory appeal of the Court's Order is not*
> *warranted.*

Jackson alternatively requests that the Court's rulings on the evidentiary deficiencies and instructional error should be certified for interlocutory appeal. (ECF No. 83, PageID.2116-17).  However, because neither presents "a controlling question of law as to which there is substantial ground for difference of opinion," certification is not warranted.  28 U.S.C. § 1292(b).

Accordingly,


IT IS ORDERED that Jackson's motion for reconsideration or, in the alternative, to certify interlocutory appeal (ECF No. 83) is DENIED.


**SO ORDERED.**

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Dated: June 1, 2023            Senior United States District Judge
       Detroit, Michigan

8