UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

MAKINI JACKSON,

       Plaintiff,

vs.

GENESEE COUNTY
ROAD COMMISSION,

       Defendant.

Case No. 2:18-cv-11199
Hon. Bernard A. Friedman
Mag. Judge Jonathan J.C. Grey

---

| LEWIS & MUNDAY, P.C. | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|---|---|
| By: DAVID J. CROSS (P42683) | By: RAECHEL M. BADALAMENTI (P64361) |
| Attorneys for Plaintiff | ROBERT T. CAROLLO, JR. (P76542) |
| 220 W Congress St, Ste. 500 | Attorneys for Defendant |
| Detroit, MI 48226 | 19500 Hall Road, Ste. 100 |
| (313) 961-2550 | Clinton Twp., MI 48038 |
| dcross@lewismunday.com | 586-412-4900 |
| | rbadalamenti@kirkhuthlaw.com |
| | rcarollo@kirkhuthlaw.com |

---

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR IMPOSITION OF SANCTIONS

Plaintiff, by counsel, moves this court to enforce the settlement agreement entered into by the parties on October 16, 2023 and for the imposition of sanctions against Defendant's counsel based upon the following:

1. As explained in the attached brief, Defendant has failed to comply with the express, unambiguous terms of the settlement agreement reached by the parties on October 16, 2023. A copy of the agreement is attached.

2. Plaintiff has fully complied with the express terms of the settlement agreement.

3. The parties informed the Court that they had settled the matter and would be presenting a dismissal for the Court's entry.

4. Because Defendant has failed to honor the terms of the parties' settlement agreement the terms of the agreement should be enforced, with sanctions against Defendant's counsel for her purposeful noncompliance.

Respectfully submitted,

**LEWIS & MUNDAY, PC**

_/s/ David J. Cross_
David Jonathan Cross (P42683)
Attorney for Plaintiff
220 W Congress St, Suite 500
Detroit, MI 48226
313-961-2550

DATE: November 8, 2023          dcross@lewismunday.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

MAKINI JACKSON,

      Plaintiff,

vs.

GENESEE COUNTY
ROAD COMMISSION,

      Defendant.

Case No. 2:18-cv-11199
Hon. Bernard A. Friedman
Mag. Judge Jonathan J.C. Grey

---

LEWIS & MUNDAY, P.C.
By: DAVID J. CROSS (P42683)
Attorney for Plaintiff
220 W Congress St, Ste. 500
Detroit, MI  48226
(313) 961-2550
dcross@lewismunday.com

KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: RAECHEL M. BADALAMENTI (P64361)
ROBERT T. CAROLLO, JR. (P76542)
Attorneys for Defendant
19500 Hall Road, Ste. 100
Clinton Twp., MI 48038
586-412-4900
rbadalamenti@kirkhuthlaw.com
rcarollo@kirkhuthlaw.com

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT AND FOR <u>IMPOSITION OF SANCTIONS</u>

Plaintiff Makini Jackson files this motion to enforce the settlement agreement because Defendant Genessee Count Road Commission has willfully, unreasonably, and vexatiously failed to honor the terms of the settlement agreement it signed on October 16, 2023. (Attachment A) Although the parties reached settlement in this case on October 16, 2023, the case has not been dismissed nor removed from the

1

Court's docket because Defendant has failed to pay the agreed upon amount of the settlement to Plaintiff. As a result of Defendant's counsel's express refusal to comply with the terms of the settlement agreement, the proceedings have been multiplied and Plaintiff has unreasonably incurred additional expenses.

## STATEMENT OF FACTS

Without belaboring the Court with a complete background of the posture of the case which assuredly the Court is fully aware, Plaintiff states that in an effort to avoid the anticipated time and expense required to retry this matter after the Court granted Defendant's motion for a new trial, Plaintiff agreed with Defendant's proposal to re-mediate the case.

Mediation occurred on October 16, 2023 and the parties were able to agree on the terms of a settlement. The terms were memorialized in a "MEMORANDUM OF AGREEMENT" (*See Attachment A*). The express terms of the agreement required that Defendant pay Plaintiff the agreed upon settlement amount within 14 days of the date of the document. The document is dated 10/16/2023 and was signed by all parties present. The agreement reads as follows:

> **"3. The Payment is to be made payable to and received by Plaintiff Makini Jackson at the following address: P.O. Box 3551, Farmington Hills, Michigan 48333 within 14 days of this document.**

Following the mediation, On October 17, 2023, Plaintiff submitted her IRS W-9 form to Defendant as requested.

The settlement payment was due to Plaintiff on October 30, 2023, but Defendant failed to make the payment as required. Instead of receiving the required payment as required by the settlement agreement, on October 30, 2023, Plaintiff's, the deadline for receipt of the payment by Plaintiff, counsel received an email from Defendant's counsel indicating that they had drafted a separate Confidential Settlement Agreement that they demanded Plaintiff consent to, sign and deliver to Defendant before the settlement check would be mailed to Plaintiff *(See Attachment B)*.

On October 30, 2023, Plaintiff's counsel responded via email and indicated that Defendant was in breach of the parties' settlement agreement (*See Attachment B)* by failing to have already mailed the settlement check to Plaintiff and by withholding the check. Defendant responded by claiming that the parties agreed to draft and submit additional documentation in order to consummate the settlement and claimed, among other things, that the Memorandum of Agreement expressly required that Plaintiff sign a separately drafted Confidential Settlement Agreement *(See Attachment B)*. Defendant also claimed that the consent to, and signing of, a separately drafted confidential settlement agreement was an express *"condition precedent"* to payment to Plaintiff.[1]

---

[1] The October 16, 2023 Memorandum of Agreement includes a confidentiality provision at paragraph 4.

Plaintiff's counsel responded that the Memorandum of Agreement contained no such language and that the parties had not discussed or agreed to such a requirement (*See Attachment B)*. Defendant also agreed that the October 16, 2023, Memorandum of Agreement, as written and signed by the parties, was binding and enforceable against the parties. In the same email response, Defendant's counsel claimed by implication, that the expected Plaintiff's counsel to draft a separate confidential settlement agreement and threatened to file a motion to enforce the October 16, 2023 Memorandum of Agreement.

Again, via email on October 31, 2023, Defendant changed its story and claimed that although not written in the Memorandum of Agreement, she had a conversation with the mediator regarding the drafting of other documents including an additional confidential settlement agreement and that instead of expecting Plaintiff's counsel to draft the agreement, it was expected that Defendant's counsel would draft the separate agreement (*See Attachment B)*. Plaintiff's counsel responded and demanded that Defendant mail the check overnight to Plaintiff. The check was not mailed, and Defendant responded with a clear and unequivocal refusal to mail the check unless Plaintiff sign the additional confidential settlement agreement they drafted.

The agreed upon settlement check has not been delivered and Defendant has expressly refused to comply with the terms of the parties' settlement agreement.

> **"The check will be provided <u>only</u> in exchange for Ms. Jackson's original, executed signature on the CSA."**
>
> **"Your client can sign the agreement we sent or make changes to it, but funds will not be released until she executes an agreement containing full releases for GCRC and its employees and officials."**

The settlement agreement also provides that "Any disputes regarding this Agreement shall be governed by Michigan law…".

## APPLICABLE LEGAL STANDARD

District courts retain the inherent power to enforce agreements entered into in settlement of litigation before them. *Bannerilese Capital Corp. v. Nearbug, 958 F. 2d 150, 152 (6th Cir. 1992) (quoting Brock v. Schneuner Corp., 841 F. 2d 151, 154 (6th Cir. 1988)*. "Agreements settling litigation are solemn undertakings, invoking duty upon lawyers, as officers of the court, to make every reasonable effort to see that the agreed upon terms are fully and timely carried out. *Aro Corp. v. Allied Witan Co., 531 F. 2d 1368, 1372 (6th Cir. 1976)*. As such, courts should uphold settlements whenever equitable and policy considerations allow. *See id.*

To enforce a settlement, a district court must conclude that an agreement has been reached on all material terms. *Re/Max Int'l, Inc. v. Realty One, Inc., 271 F. 3rd 633, 645-46 (6th Cir. 2001); Brock, 841 F.2d at 154*. "[W]hether [a settlement

agreement] is a valid contract between the parties is determined by reference to state substantive law *White Farm Equip. Co. v. Kupcho, 792 F. 2d 526, 529 (5th Cir. 1986).* In order to determine whether a valid settlement agreement was reached, this Court must apply Michigan contract law. See Walbridge Aldinger Co. Walcon Corp., 525 NW 2d 489, 491 (Mich. Ct App 1995).

MCR 2.507(G) provides "an agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreements is offered or by that party's attorney. Michigan law clearly supports the contention that the Memorandum of Agreement in this case should be enforced as written.

In defining settlement, Michigan Courts have held that settlement involves "a compromise of a disputed claim." *Riecher v, SET Enters, 770 NW2d 902 (2009).* The inquiry a Court must make when evaluating a settlement is "whether there was a meeting of the minds as to all the agreement's essential terms", and if so, there is no abuse of discretion in enforcing the settlement. *Faustina v. Town Ctr., No. 311385 (Mich Ct. App August 7, 2014) (unpublished).* Pursuant to MCR 2.507(G) and other Michigan case law, settlements should be reduced to writing by the litigants, reduced to a judgment of final Order of Dismissal, or placed on the record. *Mikonczyk v. Detroit Newspapers, inc., 605 NW2d 360 (1990).*

In *Reed v. Citizens Ins. Co., 499 NW2d 22 (1993)*, the Court held that once a contract to settle claims has been entered into, a unilateral change of mind is never a ground to excuse performance. In fact, a litigant may only escape the contract entered into if he/she presents evidence of mistake, fraud or unconscionable advantage. *Nelson v. Consumers Power Co., 497 NW2d 205 (1993)*. Further, a change of heart on the part of a litigant is not enough to meet the standard for recission. *Id*. Michigan courts have held that "a compromise and settlement is conclusive as to all matters included". *Peddler v. Kalish, 182 NW2d 739 (1970)*.

## ARGUMENT

In this case, neither Plaintiff nor Defendant questions or disputes that they entered into a written binding settlement agreement on October 16, 2023, and that there was a meeting of the minds as to all the essential terms. The terms of the agreement are clear and unambiguous and is enforceable as written. In this case, Plaintiff asserts that Defendant has willfully breached the terms of the settlement agreement.

The terms of the October 16, 2023 Memorandum of Agreement, clearly and unambiguously, requires Defendant to pay Plaintiff $80,000.00 within 14 days of the agreement. Fourteen days after October 16, 2023, was October 30, 2023. Plaintiff has not received the payment and Defendant has expressly refused to make the payment unless Plaintiff consents to, and sign, an additional and separate

confidential settlement agreement drafted by Defendant. Defendant claims that consent to this separate agreement was a condition precedent to payment to Plaintiff. Contrary to Defendant's assertions, there were no conditions precedent to payment to Plaintiff. There is nothing in the written agreement that could be interpreted as addressing a condition precedent. Paragraph 2 of the Agreement states: *"All parties and attorneys agree to take all steps necessary for dismissal of the Case upon Plaintiff's receipt of the Payment."* This provision addresses two matters: dismissal and receipt of payment by Plaintiff, where a dismissal of the case would be submitted "upon" receipt of the payment by Plaintiff. Thus, the only steps necessary for dismissal of the case was payment to Plaintiff and the submittal of a written dismissal to the court. The parties have informed the court that the case had been settled and that a dismissal of the case would be presented to the court.

Defendant had every opportunity to negotiate and include any provisions it thought necessary for settlement. The mediation was conducted live and in the presence of all the parties including Defendant's insurance claims adjuster, Plaintiff, and counsel for both parties. The settlement agreement was drafted by the mediator in the presence of all parties and signed by all parties present. The agreement was drafted on Defendant's law firm pleading stationary and included all terms, material and otherwise, were included in the written agreement.

In *Chambers v. NASCO, Inc., 501 U.S. 32 (1991)*, the Supreme Court held that a district court has the "inherent authority" to impose independent sanctions. Id. At 43-50. But the "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F. 3d 501, 517 (6th Cir. 2002)*, or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)*. When invoking its inherent authority, "a court must exercise caution…and comply with the mandates of due process." *Dell, Inc. v. Ellis, No.07-2082, 2008 WL 4613978, at \*2 (6th Cir, June 2008) (citing Chambers, 501 U.S. at 50)*. Nevertheless, a court should not shrink from exercising [its power] when sanctions are justified by the circumstances." *Stalley v. Methodist Healthcare, 517 F. 3d 911, 920 (6th Cir. 2008)*.

## 28 U.S.C. § 1927 Sanctions

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess of costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Ridder v. City of Springfield, 109 F. 3d 288, 298 (6th Cir. 1997) (quoting 28 U.S.C. § 1927*. Under section 1927, the court does not make a determination of subjective bad faith. *Jones v. Continental Corp., 789 F. 2d 1225, 1230 (6th Cir. 1986)*. Instead, the court must use an objective standard and determine

whether "an attorney knows or reasonable should know that a claim pursued is frivolous." *Id. At 1230.*

In *Riddler*, the Sixth Circuit reiterated that, when applying this objective standard,

> [S]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposite party.

*Riddler, 109 F. 3d 298* (quoting *In re Ruben, 825 F. 2d 977, 984 (6th Cir. 1987).*

Defendant's counsel's conduct complained of herein clearly falls far short of her obligations owed by a member of the bar to the court and has caused additional expense to Plaintiff. Plaintiff should not have had to have her counsel draft and file this motion. The time and expense related to attempting to get Defendant's counsel to comply with the clear and unambiguous terms of the parties' settlement agreement was unnecessary. Defendant's express refusal to comply is vexatious and unreasonable.[2]

Defendant's counsel's justification for such conduct is untenable. Counsel's contention that an express condition precedent to Plaintiff's receipt of the agreed upon payment, was Plaintiff's consent and signature on an additional confidential

---

[2] On the day after the payment to Plaintiff was due, Plaintiff's counsel demanded that Defendant's counsel overnight the payment directly to Plaintiff. Defendant's counsel refused to do so and expressly stated that the check would not be mailed unless Plaintiff signed the confidential settlement agreement drafted by Defendant.

settlement agreement drafted by Defendant's counsel after mediation and presented to Plaintiff's counsel on the day that the settlement check was due to be received by Plaintiff, is completely wrong and an untenable position. There is no such express or implied language in the settlement agreement.

The October 16, 2023 agreement signed by all parties is binding on the parties and Defendant's counsel has stated the same in more than one email to Plaintiff's counsel, yet she has expressly refused to mail the check as required under the terms of the agreement. **See Attachment A**.

Defendant's counsel is essentially holding the settlement check hostage for no legal reason and counsel should be held responsible for such conduct.

## CONCLUSION

For all of the foregoing reason, this Court should enforce the terms of the October 16, 2023 Memorandum of Agreement and impose sanctions against Defendant's counsel for her willful, unreasonable, and vexatious refusal to comply with the terms of the agreement.

Respectfully submitted,

**LEWIS & MUNDAY, PC**

*/s/David J. Cross*
David Jonathan Cross (P42683)
Attorney for Plaintiff
220 W Congress St, Suite 500
Detroit, MI 48226
313-961-2550
dcross@lewismunday.com

DATE: November 8, 2023

ATTACHMENT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

MAKINI JACKSON,

     Plaintiff,

vs.

GENESEE COUNTY ROAD COMMISSION,

     Defendants.

Case No. 2:18-cv-11199-BAF-JJCG
Hon. Bernard A. Friedman
Mag. Jonathan J.C. Grey

| LEWIS & MUNDAY, P.C. | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|---|---|
| By:  DAVID J. CROSS (P42683) | By:  RAECHEL M. BADALAMENTI (P64361) |
|     RONDA T. TRUVILLION (P70767) |     VICTORIA L. PADULA (P85766) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 535 Griswold, Ste. 2300 | 19500 Hall Road, Ste. 100 |
| Detroit, MI  48226 | Clinton Twp., MI 48038 |
| (313) 961-2550 | 586-412-4900 |
| dcross@lewismunday.com | rbadalamenti@kirkhuthlaw.com |
| rtate@lewismunday.com | vpadula@kirkhuthlaw.com |

## <u>**MEMORANDUM OF AGREEMENT**</u>

     The parties and attorneys in the captioned matter (hereinafter the "Case") having mediated the Case on October 16, 2023 with mediator Antoinette Raheem, hereby agree as follows:

     1.Defendant will pay Plaintiff Eighty Thousand Dollars ($80,000.00), hereinafter the "Payment", in full and final resolution of the Case.

     2. All parties and attorneys agree to take all steps necessary for dismissal of the Case upon Plaintiff's receipt of the Payment.

     3. The Payment is to be made payable to and received by Plaintiff Makini Jackson at the following address: P. O. Box 3551 , Farmington Hills, Miichigan 48333 within 14 days of the date of this document.

4. Both parties and their attorneys agree to keep the fact of and the terms of this settlement confidential. This agreement may be executed in any number of counterparts which, when taken together, constitute one fully executed Agreement. Any disputes regarding this Agreement shall be governed by Michigan law and subject to determination solely in a State of Michigan Court.

By signing below, the undersigned understand and agree to all of the above provisions and enter into this agreement voluntarily:

Date: 10/16/2023
Makini Jackson, **Plaintiff**

**Lewis & Munday, P.C.**
**Attorneys for Plaintiff**
BY: _____        Date: 10-16-2023
     David Cross

**M.C.R.C.S.I.P, for Defendant,**
BY: _____        Date: 10/16/23
     Wendy Hardt

**Kirk, Huth, Lange & Badalamenti, PLC.**
**Attorneys for Defendant**
BY: _____        Date: 10/16/23
     Raechel Badalamenti

and

**Kirk, Huth, Lange & Badalamenti, PLC.**
**Attorneys for Defendant**
BY: _____        Date: 10/16/23
     Victoria Padula

# ATTACHMENT B

**David J. Cross**

| | |
|---|---|
| **From:** | Raechel Badalamenti <rbadalamenti@kirkhuthlaw.com> |
| **Sent:** | Thursday, November 2, 2023 1:30 PM |
| **To:** | David J. Cross |
| **Cc:** | Ronda Tate Truvillion; arrlaw@sbcglobal.net; Victoria Padula |
| **Subject:** | RE: Settlement Agreement and Stip Order - Jackson v. Genesee County Road Commission, Case No. 18-11199 |

You may feel free to contact the Court but we will respond with a Motion to Enforce the settlement agreement terms. Trial will not be re-scheduled because we have an enforceable settlement with all material terms not being in dispute.

Is there something in the Agreement that was sent that can be changed in some way to alleviate whatever issue Ms. Jackson has? It seems like a lot of resources are being wasted here on nonsense. She won't be able to get around the settlement in principal. Why can't we just figure out an Agreement that she is ok signing?

Raechel M. Badalamenti
**KIRK, HUTH, LANGE & BADALAMENTI,** PLC
19500 Hall Road, Suite 100
Clinton Township, MI 48038
Phone: 586-412-4900 ext. 110
Fax: 586-412-4949
WWW.KIRKHUTHLAW.COM

**From:** David J. Cross <DCross@lewismunday.com>
**Sent:** Thursday, November 2, 2023 12:55 PM
**To:** Raechel Badalamenti <rbadalamenti@kirkhuthlaw.com>
**Cc:** Ronda Tate Truvillion <rtate@lewismunday.com>; arrlaw@sbcglobal.net; Victoria Padula <vpadula@kirkhuthlaw.com>
**Subject:** RE: Settlement Agreement and Stip Order - Jackson v. Genesee County Road Commission, Case No. 18-11199

Counselor,

The language of the settlement agreement is clear and unequivocal. Your assertions and claims about what was expected to be done is factually incorrect. The agreement stands for itself and is enforceable on its written terms. My client was to receive payment within 14 days of signing the agreement and she did not. You have decided to withhold the check for no justifiable reason. At this point I intend to inform the court of your clients non-compliance and will ask the court to place the matter back on track for trial or in the alternative enforce the settlement agreement with sanctions.

1



*David Jonathan Cross*
2300 Buhl Bldg
535 Griswold
Detroit, Michigan 48226
Phone: 313- 961-2550, Ext 4112 (Main)
Mobile: 313-683-2833
Maria Staples, Administrative Asst. Ext 4217
Fax: 313-961-1270

**IMPORTANT NOTICE:** This electronic message and all contents (including any and all attachments) contains information from Lewis & Munday which is privileged, confidential and/or otherwise protected from disclosure by the attorney/client privilege. If you are not the named addressee for which this information is intended, then you are hereby notified that any disclosure, copying, distribution or other use of the contents of this message and any attachments is prohibited. If you have received this electronic message in error, please notify the above individual immediately at (313) 961-2550, Ext. 4167, and destroy the original message, including any and all attachments.

**From:** Raechel Badalamenti <rbadalamenti@kirkhuthlaw.com>
**Sent:** Wednesday, November 1, 2023 4:08 PM
**To:** David J. Cross <DCross@lewismunday.com>
**Cc:** Ronda Tate Truvillion <rtate@lewismunday.com>; arrlaw@sbcglobal.net; Victoria Padula <vpadula@kirkhuthlaw.com>
**Subject:** Re: Settlement Agreement and Stip Order - Jackson v. Genesee County Road Commission, Case No. 18-11199

Hope you are feeling better!

The Mediator and I expressly discussed a more fulsome agreement being executed to contain the necessary release language. She assured me the same conversation was had with your room that day. That is why she called her document a Memorandum, not the actual Settlement Agreement resolving the case. The only thing we did not discuss was who would be preparing that agreement (which likely everyone presumed would be our office and so we did so within the 2 week period). For this reason, paragraph 2

Your client can sign the agreement we sent or make changes to it, but funds will not be released until she executes an agreement containing full releases for GCRC and its employees and officials.

Be advised the check is ready and in my hands for whenever Ms Jackson is ready to comply. Ms Raheem is copied here in case you have questions (though I suspect you are just the messenger in this ridiculousness).

2

Let us know how Plaintiff intends to proceed. Thanks.
RB

On Nov 1, 2023, at 2:18 PM, David J. Cross <DCross@lewismunday.com> wrote:


Counselor,

My apologies for this late response. I had to have an emergency root canal yesterday after I had a tooth break off. However, and in response to your claim that payment of the settlement is contingent upon my client signing your drafted CSA, there is absolutely no language in the settlement agreement that we signed that made payment of the settlement proceeds contingent upon my client signing an additional CSA. Nor was there a requirement, or representation made, that I would draft another CSA. The settlement agreement itself contains an enforceable confidentiality provision. Payment was to be made to Ms. Jackson within 14 days of us signing that agreement. I am certain that you have the agreement, have read it and are aware of what it says and doesn't say.

My client demands that your office overnight the settlement check to her at the address she provided in the settlement agreement.



*David Jonathan Cross*
2300 Buhl Bldg
535 Griswold
Detroit, Michigan 48226
Phone: 313- 961-2550, Ext 4112 (Main)
Mobile: 313-683-2833
Maria Staples, Administrative Asst. Ext 4217
Fax: 313-961-1270


**IMPORTANT NOTICE:** This electronic message and all contents (including any and all attachments) contains information from Lewis & Munday which is privileged, confidential and/or otherwise protected from disclosure by the attorney/client privilege. If you are not the

named addressee for which this information is intended, then you are hereby notified that any disclosure, copying, distribution or other use of the contents of this message and any attachments is prohibited. If you have received this electronic message in error, please notify the above individual immediately at (313) 961-2550, Ext. 4167, and destroy the original message, including any and all attachments.

**From:** Raechel Badalamenti <rbadalamenti@kirkhuthlaw.com>
**Sent:** Monday, October 30, 2023 4:42 PM
**To:** Victoria Padula <vpadula@kirkhuthlaw.com>; David J. Cross <DCross@lewismunday.com>; arrlaw@sbcglobal.net
**Subject:** RE: Settlement Agreement and Stip Order - Jackson v. Genesee County Road Commission, Case No. 18-11199

Mr. Cross: We prepared a Confidential Settlement Agreement ("CSA") and proposed Order of Dismissal because we received nothing from you to date.  We have the check ready for pickup here at our office whenever you and your client execute those 2 documents.  Alternatively, you can provide consent to entry on the Order via email + your signature page via email on the CSA and Ms. Jackson can bring the original, executed CSA to our office where we will exchange the check.   Someone will be here until 5pm today.

We open tomorrow at 8:30am if that is a better day for this to be accomplished.

The check will be provided **only** in exchange for Ms. Jackson's original, executed signature on the CSA.

In further response, you and/or your client should review precedent on the enforcement of the signed agreement from Ms. Raheem's office.  There is most certainly an enforceable settlement in this case that is enforceable against all parties.  Under the express terms thereof, Ms. Jackson's execution of a CSA is a condition precedent to payment.  We do have payment ready though whenever she performs that condition precedent.  Note that I have copied Ms. Raheem here so that, if necessary, you may seek her neutral confirmation on this state of the law.

Please advise of your client's preference in regard to exchange of the original, executed CSA for the check.  Thank you.

Raechel M. Badalamenti
**KIRK, HUTH, LANGE & BADALAMENTI, PLC**
19500 Hall Road, Suite 100
Clinton Township, MI 48038
Phone: 586-412-4900 ext. 110
Fax: 586-412-4949
WWW.KIRKHUTHLAW.COM

**From:** Victoria Padula <vpadula@kirkhuthlaw.com>
**Sent:** Monday, October 30, 2023 4:12 PM
**To:** Raechel Badalamenti <rbadalamenti@kirkhuthlaw.com>
**Subject:** FW: Settlement Agreement and Stip Order - Jackson v. Genesee County Road Commission, Case No. 18-11199
**Importance:** High

VICTORIA L. PADULA
ASSOCIATE ATTORNEY

KIRK, HUTH, LANGE & BADALAMENTI, PLC
WWW.KIRKHUTHLAW.COM
19500 HALL ROAD, SUITE 100
CLINTON TOWNSHIP, MI 48038
OFFICE: 586-412-4900 EXT. 128
FAX: 586-412-4949
VPADULA@KIRKHUTHLAW.COM

**From:** David Cross <davidjonathancross@gmail.com>
**Sent:** Monday, October 30, 2023 4:11 PM
**To:** Victoria Padula <vpadula@kirkhuthlaw.com>
**Subject:** Re: Settlement Agreement and Stip Order - Jackson v. Genesee County Road Commission, Case No. 18-11199

Counselor,

As you know, the signed settlement agreement we reached required that my client receive the settlement check within 14 days of the agreement signed at the mediation. She has not received the check and based upon your email the check has not yet been mailed. Ms. Jackson is understandably upset and has instructed me to notify you that if she does not receive the settlement check today, we do not have an agreement due to your client's failure to comply with the terms of the settlement agreement.


On Mon, Oct 30, 2023, 2:33 PM Victoria Padula <vpadula@kirkhuthlaw.com> wrote:

Counselors:


Please review the attached Settlement Agreement and Stipulated Order for Dismissal regarding the above referenced matter. Upon receipt of an executed copy of the Agreement and your concurrence the attached Stip Order, we will place Ms. Jackson's settlement check in the mail and file the proposed order.


Please contact our office if you have any questions.


Thank you.


VICTORIA L. PADULA

ASSOCIATE ATTORNEY

KIRK, HUTH, LANGE & BADALAMENTI, PLC

5

WWW.KIRKHUTHLAW.COM

19500 HALL ROAD, SUITE 100

CLINTON TOWNSHIP, MI 48038

OFFICE: 586-412-4900 EXT. 128

FAX: 586-412-4949

VPADULA@KIRKHUTHLAW.COM

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

JOANN FAUSTINA,

      Plaintiff-Appellant,

v

TOWN CENTER,

      Defendant-Appellee,

and

ST. CLAIR CONSTRUCTION COMPANY,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

FALCON CARPET SERVICE, INC.,

      Third-Party Defendant-Appellee.

UNPUBLISHED
August 7, 2014

No.   311385
Wayne Circuit Court
LC No.   10-009140-NO

---

Before:  WILDER, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM.

      Plaintiff appeals as of right from the order granting defendant/third-party plaintiff St. Clair Construction Company's (St. Clair) motion to enforce a settlement agreement and an earlier order granting summary disposition in favor of defendant Town Center.  We affirm both orders.

I

      Plaintiff's complaint alleged she suffered serious injuries when she slipped and fell down seven steps leading to the basement of her apartment.  According to plaintiff, her fall was caused by construction debris left behind by Town Center, the owner of the apartments, and St. Clair, the construction company hired by Town Center to do the work.  She brought claims of negligence and premises liability.

-1-

Town Center moved for summary disposition. Town Center argued that (1) it owed no duty to plaintiff because it was not in possession and control of the premises, (2) it did not have actual or constructive notice of the claimed hazard, and (3) the condition was open and obvious. Plaintiff argued that Town Center was in control of the premises. The trial court granted Town Center's motion for summary disposition.

St. Clair also moved for summary disposition, contending it did not owe a duty to plaintiff and that it did not possess or control the premises. St. Clair further argued that it was a general contractor and its subcontractor, third-party defendant Falcon Carpet Service (Falcon), was directly responsible for the debris. The trial court denied St. Clair's motion for summary disposition.

Plaintiff, St. Clair, and Falcon participated in facilitative mediation, by stipulation, and afterward, St. Clair moved to enforce the settlement agreement that was reached and signed by all parties, including plaintiff. St. Clair had forwarded a release and stipulated order to plaintiff's counsel but it had not been signed and returned. Plaintiff testified at the motion hearing that she signed the agreement, but her medical bills, which she had tried to show the attorneys, were not taken into account. The trial court explained that facilitated settlement agreements are binding and that the court had to enforce the agreement. The trial court (1) ordered plaintiff to sign a release of all claims, (2) ordered that St. Clair and Falcon were not required to turn over the settlement checks until plaintiff signed a release, and (3) dismissed the case with prejudice.

II

On appeal, plaintiff challenges the trial court's order to enforce the settlement agreement, arguing that her outstanding medical expenses were not addressed during mediation or in court. The question of whether a legally binding and enforceable settlement agreement existed is reviewed de novo. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). This Court reviews a trial court's decision to enforce a settlement agreement for an abuse of discretion. *Groulx v Carlson*, 176 Mich App 484, 493; 440 NW2d 644 (1989).

An agreement between parties to settle a lawsuit is a contract governed by the principles of contract construction and interpretation. *Kloian*, 273 Mich App at 452. A valid contract requires an offer, acceptance, and mutual agreement or a meeting of the minds to all of the contract's essential terms. *Id.* at 453; *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 149; 662 NW2d 758 (2003).. In addition, a contract for the settlement of pending litigation that fulfills the requirements of contract principles will not be enforced unless the agreement also satisfies the requirements of MCR 2.507(F).[1] *Mich Mut Ins Co v Indiana Ins Co*, 247 Mich App 480, 484-485; 637 NW2d 232 (2001). MCR. 2.507(F) requires that, to be enforceable, an agreement between the parties or their attorneys regarding

---

[1] After the events at issue in this appeal occurred, the applicable court rule was amended from MCR 2.507(G) to MCR 2.507(F), but the language of the rule did not change.

pending litigation must be made in open court or must be evidenced by a writing signed by the party against whom it is offered or by that party's attorney.

In this case, plaintiff's signature appears on the settlement agreement and plaintiff testified in open court that she signed the agreement.  The agreement provided, in relevant part, that plaintiff would receive $47,500 "in full settlement of any and all claims, liens (known or unknown) actions, proceedings, debts, liabilities, agreements, controversies, promises, obligations, damages, costs, expenses, attorney fees, and demands in tort, contract, or any other cause of action or theory of liability whatsoever, whether known or unknown, rising out of or related to this matter."  Unambiguous agreements must be enforced according to their plain terms. *Phillips v Homer*, 480 Mich 19, 24; 745 NW2d 754 (2008).  This Court has previously stated that "[a] compromise and settlement is conclusive as to all matters included.  It merges and bars all included claims and pre-existing causes of actions." *Pedder v Kalish*, 26 Mich App 655, 657; 182 NW2d 739 (1970).  Based on the unambiguous terms of the settlement agreement in this case, the parties clearly expressed their intent to abandon all claims in exchange for a binding settlement agreement. *Kloian*, 273 Mich App at 452.

In the absence of duress, fraud, mutual mistake, severe stress, or unconscionable advantage taken by one party over the opposing party, courts are bound to enforce settlement agreements. *Lentz v Lentz*, 271 Mich App 465, 474; 721 NW2d 861 (2006).  "[O]nce a settlement agreement is reached a party cannot disavow it merely because he has had a 'change of heart.'" *Metropolitan Life Ins Co v Goolsby*, 165 Mich App 126, 128; 418 NW2d 700 (1987), quoting *Thomas v Mich Mut Ins Co*, 138 Mich App 117, 120; 358 NW2d 902 (1984).  Here, plaintiff attended the facilitated mediation sessions and was represented by counsel.  A settlement is by definition "a compromise of a disputed claim." *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 664; 770 NW2d 902 (2009).  If a claim is no longer disputed because it has been resolved by settlement, there can be nothing to appeal.  The question is whether there was a meeting of the minds as to all of the agreement's essential terms and, under the circumstances of the instant case, it appears that there was.  We find no abuse of discretion in the court's order enforcing the settlement agreement. *Groulx*, 176 Mich App at 493.

### III

Plaintiff further argues that she did not receive the settlement proceeds and is, therefore, not prohibited from rescinding the settlement agreement.  The law is clear that the party requesting a contract be rescinded cannot reap the benefits under the contract and request rescission at the same time.  However, in order to rescind the settlement agreement, the party requesting rescission must prove that there was duress, fraud, mutual mistake, severe stress, unconscionable advantage taken by one party over the opposing party, or ignorance of a material term of the settlement agreement. *Plamondon v Plamondon*, 230 Mich App 54, 56; 583 NW2d 245 (1998); *Howard v Howard*, 134 Mich App 391, 394, 399-400; 352 NW2d 280 (1984).

Although plaintiff claims that she was not informed that the issue of her ongoing medical expenses was resolved by the parties' agreement, a mistake of fact warranting rescission must be mutual (shared and relied on by both parties). *Ford Motor Co v Woodhaven*, 475 Mich 425, 442; 716 NW2d 247 (2006).  Plaintiff has neither alleged nor shown that St. Clair and Falcon shared

her mistaken belief.  A unilateral mistake of fact is not ground for voiding a contract.  See *Casey v Auto Owners Ins Co*, 273 Mich App 388, 398; 729 NW2d 277 (2006).

Plaintiff argues on appeal that St. Clair and Falcon had an unconscionable advantage. The unconscionable advantage that warrants relief from a contract is "unconscionable advantage taken by one party over the other."  *Jackson v Wayne Circuit Judge*, 341 Mich 55, 60; 67 NW2d 471 (1954).  Plaintiff was represented by counsel at the facilitated settlement conference and has not shown that defendants took advantage of her during settlement negotiations.  Therefore unconscionable advantage is not a basis for relief.  Plaintiff was free to reject that settlement and proceed to trial on the scheduled trial date.  Because plaintiff has not shown a basis for the settlement agreement to be set aside or rescinded, she has not established a right to relief on this ground.

## IV.  SUMMARY DISPOSITION

Next, plaintiff argues that the trial court improperly granted summary disposition in favor of Town Center.  We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012).  A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint.  *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).  This Court reviews a "motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party."  *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).  Summary disposition is properly granted "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id*.  A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party."  *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

It is not disputed that plaintiff encountered some debris on the steps in her apartment and fell, injuring herself.  The question is whether Town Center as the landlord of the premises has liability for the fall.  Plaintiff alleged claims of negligence and premises liability against Town Center.  "The elements of an action for negligence are (i) duty, (ii) general standard of care, (iii) specific standard of care, (iv) cause in fact, (v) legal or proximate cause, and (vi) damage." *Moning v Alfono*, 400 Mich 425, 437; 254 NW2d 759 (1977).  The element of duty "comprehends whether the defendant is under *any* obligation to the plaintiff to avoid negligent conduct."  (*Id.*)

In general, a premises possessor owes a duty to an invitee, who is a person "who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises[.]"  *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000); see also *Lugo v Ameritech Corp*, 464 Mich 512, 516; 629 NW2d 384 (2001).

As a tenant of Town Center's apartment complex, plaintiff was an invitee.  *Benton v Dart Properties*, 270 Mich App 437, 440; 715 NW2d 335 (2006).  To sustain a premises liability

-4-

action, a tenant must show that the landlord or its employees caused the unsafe condition or that the landlord knew or should have known of the unsafe condition.  *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001); *Hampton v Waste Mgt of Mich, Inc*, 236 Mich App 598, 603-604; 601 NW2d 172 (1999).  A landlord is

> subject to liability for physical harm caused to his invitees by a condition on the land if the owner: (a) knows of, or by the exercise of reasonable care would discover, the condition and should realize that the condition involves an unreasonable risk of harm to such invitees; (b) should expect that invitees will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect invitees against the danger.  [*Stitt*, 462 Mich at 597.]

However, this duty generally does not require the owner to protect an invitee from an open and obvious danger.  *Lugo*, 464 Mich at 517.  Generally, whether a condition is open and obvious is considered objectively, considering whether an average person with ordinary intelligence would have discovered the condition upon casual inspection.  *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009).  If the dangers of the premises are known to the invitee or are obvious to an extent that the invitee could reasonably be expected to discover them, the premises owner does not owe a duty to protect or warn the invitee, unless "special aspects of a condition make even an open and obvious risk unreasonably dangerous[.]"  *Lugo*, 464 Mich at 516-517.  Michigan courts have recognized two instances in which special aspects of an open and obvious danger may give rise to liability: (1) when the danger is unreasonably dangerous or (2) when the danger is effectively unavoidable.  *Hoffner*, 492 Mich at 455, 463.  "Unavoidability is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome."  *Id.* at 468.  Further, the "hazard must be unavoidable or inescapable *in effect* or *for all practical purposes.*"  *Id.*

There is no question that the debris left on plaintiff's stairs was open and obvious.  The question lies in whether an average person with ordinary intelligence would have discovered the debris upon casual inspection of the stairs.  The evidence provided by the parties shows that contractors had been working in plaintiff's apartment and that she was aware of the work being done.  At 3:00 a.m., she took a basket of laundry down the stairs without first turning on the light, stepped on a nail, and fell down the stairs, injuring her knee and ankle.  We find that the open and obvious hazard in this case does not fall within the "special aspects" exception.  While the stairs were the only way for plaintiff to access the laundry facilities, she could have simply chosen not to confront that open and obvious danger.  *Hoffner*, 492 Mich at 469-470.  Furthermore, the open and obvious danger could have been avoided through the use of precautions by plaintiff.  *Perkoviq v Delcor Homes-Lake Shore Pointe Ltd*, 466 Mich 11, 19-20; 643 NW2d 212 (2002).  Plaintiff could have put on shoes and turned on the light to avoid falling down the stairs.  She also could have removed any debris that was left on the stairs.

Finally, Town Center did not have notice of the debris on the stairs.  A possessor's duty to protect an invitee extends only to those hazards about which it has actual notice or would discover in the exercise of reasonable care.  *Stitt*, 462 Mich at 597.  The landlord does not have a duty "to inspect the premises on a regular basis to determine if any defects exist.  It does require him to repair any defects brought to his attention by the tenant or by his casual inspection of the

-5-

premises." *Raatikka v Jones*, 81 Mich App 428, 431, 265 NW2d 360 (1978).  Defendants, being the prevailing party, may tax costs pursuant to MCR 7.219.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Henry William Saad
/s/ Kirsten Frank Kelly